ISEMOTO CONTRACTING CO., LTD., Plaintiff-Appellee,
*v.* ALFRED J. ANDRADE dba ANDRADE SERVICE,
Defendant-Appellant

NO. 6506

SEPTEMBER 12, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from an Order Denying Motion to Reconsider the Order Denying Motion to Vacate the Judgment previously entered in the case.

The issues raised on appeal are: (1) whether the trial court abused its discretion in denying relief from judgment under Rule 60(b)(1)(6) of the *Hawaii Rules of Civil Procedure*

(HRCP) for counsel's failure to raise compulsory counter-claims; (2) whether the trial court abused its discretion in deciding that the failure to comply with Rules 21 and 23 of the *Rules of the Circuit Court* (RCC) did not require the court to vacate judgment under *HRCP* Rule 60(b)(4).

Alfred J. Andrade, a subcontractor (hereinafter Andrade), and Isemoto Contracting Co. (hereinafter ICC) entered into a contract in September 1972, whereby Andrade agreed to perform certain construction projects for ICC. In September 1974, ICC brought suit on the contract alleging that Andrade had failed to perform his duties under the contract thereby compelling ICC to complete the work itself resulting in additional expenditures of $7,751.54 for which Andrade was liable. Andrade's answer denied liability and asserted no counterclaims.

A jury-waived trial, ending in April 1975, reduced ICC's claim by $1,500.00 because of an overcharge and then by 25% for ICC's failure to provide services required under the contract, resulting in a final judgment of $4,313.66 for ICC. In May of 1975, ICC's counsel prepared and served on Andrade's counsel a copy of the findings of fact and conclusions of law as mandated by *RCC* Rules 21 and 23 prior to entry of judgment. Andrade's counsel did not act upon these documents. Approximately a year later the trial judge instructed counsel to submit their findings of fact and conclusions of law or be faced with dismissal. Counsel for ICC then prepared and filed with the court a copy of the original findings of fact and conclusions of law that had been sent to Andrade in 1975. However, a second copy of the findings of fact and conclusions of law was served on Andrade's counsel at that time as required under *RCC* Rule 21. On March 8, 1976, a judgment was prepared by ICC's counsel and delivered to the court but again a copy of the judgment was not sent to Andrade's counsel prior to the filing of the same by ICC as required under *RCC* Rule 23.

Notice of Entry of the findings of fact and conclusions of law and Notice of Entry of the judgment, together with certified copies of each, were given to both counsel on March 8,

1976 by the court. However, after receipt of these documents. Andrade's counsel did not make any objection to the judgment as provided in *RCC* Rule 23.

Instead, on August 2, 1976, Andrade filed a *HRCP* Rule 60(b)(1), (4) and (6) Motion to Vacate the Judgment through his present counsel, William J. Rosdil.[1] After a hearing, the court denied the motion and an order denying the motion was filed on September 2, 1976. A *HRCP* Rule 60(b)(1) and (6) Motion to Reconsider the Order Denying the Motion[2] was filed by Andrade on September 9, 1976, and after a hearing on September 16, 1976, the court denied the Motion to Reconsider.

Andrade first contends that the failure of his original counsel to assert his compulsory counterclaims is excusable neglect entitling him to relief from final judgment under the provisions of *HRCP* Rule 60(b)(1).

## Rule 60:   *RELIEF FROM JUDGMENT OR ORDER.*

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .

We disagree. Under *HRCP* Rule 60(b)(1), a party can be granted relief from judgment where there is a showing of, *inter alia,* "excusable neglect" that interferes with the fair dispensation of justice. The record indicates that Andrade's original decision not to raise the compulsory counterclaims was not based upon mistake, surprise or excusable neglect.

---

[1] Original counsel for appellant was Edward Smith.

[2] Andrade's motion to reconsider the order denying his motion to vacate involved the same rules, matters and arguments he presented to the lower court in his motion to vacate. Our decision in *Borthwick v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980), concerning motions for reconsideration applies in this case. Andrade was not entitled to reconsideration. We chose not to dismiss the appeal on that ground, however, because it was not an issue raised in the appeal.

Testimony shows that Andrade's counsel chose not to raise the counterclaims based upon the determination that they were not compulsory. Andrade seeks now to find error in the court's denial of his Motion to Vacate Judgment on that basis. The weight of authority has not recognized ignorance of the law or carelessness of counsel to be excusable neglect justifying the invocation of relief under *HRCP* Rule 60(b)(1). *Hoffmann v. Celebreeze*, 405 F.2d 833 (8th Cir. 1969); *Nugent v. Yellow Cab Co.*, 295 F.2d 794 (7th Cir. 1969).

Andrade next urges that the trial court abused its discretion in denying his motion to vacate judgment based upon *HRCP* Rule 60(b)(6).

*HRCP* Rule 60(b)(6) permits the court in its sound discretion to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." The granting of relief under the rule is discretionary but not to be based upon matters covered in the preceding clauses. It provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances. *Klapprott v. U.S.*, 335 U.S. 601, 336 U.S. 942 (1949); *Ackermann v. U.S.*, 340 U.S. 193 (1950); *FDIC v. Alker*, 234 F.2d 113 (3rd Cir. 1956); *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976 (3rd Cir. 1978).

Generally, relief granted under *HRCP* Rule 60(b) has been confined to those cases where either a default judgment or dismissal has been entered, reflecting a historical preference for cases to be decided in a trial on their substantive merits. *Compton v. Alton Steamship Co.*, 608 F.2d 96 (4th Cir. 1979); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951).

In the case at bar, there has been no showing of exceptional circumstances warranting the granting of relief under *HRCP* Rule 60(b)(6).

"Relief from judgment under Rule 60(b)(6) is an extraordinary one. (Citations omitted.) Diligence is a prerequisite to relief under the rule. Courts should not be niggardly in granting application for relief under the rule, but *relief should not be granted without a careful weighing of*

*conflicting considerations inherent in any such applica-
tion."* (Emphasis added)
*Kealoha Et Al., Etc. v. Tanaka,* 42 Haw. 630, 637 (1958).

*HRCP* Rule 13 permits counterclaims to be raised by
amendment and Andrade's counsel had ample time to avail
himself of this remedy prior to the close of trial, but declined
to do so. Therefore, we find no abuse of discretion in the trial
court's refusal to vacate judgment under *HRCP* Rule 60(b)(6).

Lastly, Andrade argues that he is entitled to have the
judgment vacated on the basis of *HRCP* Rule 60(b)(4) because
the failure of the parties to comply with *RCC* Rules 21 and 23
rendered the judgment void and, hence, Andrade has been
denied due process. He cites *Stafford v. Dickison,* 46 Haw.
52, 374 P.2d 665 (1962), in support of this contention.

In *Stafford, supra,* the court found a denial of due process
because the defendant was not given an opportunity to defend
herself in a trial on the merits and default judgment was
entered against her when the defendant's counsel was per-
mitted to withdraw from the case although the court knew
defendant was not notified of the hearing or withdrawal of
counsel and was away from the State. *HRCP* Rule 60(b)(4)
provides relief from judgment upon a showing that the judg-
ment is void and, hence, legally ineffective. The principles of
judicial economy and judicial finality operate as constraining
influences upon the generosity of the courts in declaring
judgments void. A judgment entered by a court having proper
jurisdiction over the parties and subject matter can be de-
clared void upon a showing that the proceedings were con-
ducted in such an arbitrary or improper manner that its action
may be said to constitute a denial of due process. *Windsor v.
McVeigh,* 93 U.S. 274 (1876).

The facts in the case at bar are clearly distinguishable
from *Stafford, supra.* Unlike *Stafford, supra,* Andrade went
to trial on the merits and while there is no question that ICC
did not follow *RCC* Rule 21 and 23 as required. Andrade had
ample opportunity under those same rules to object to the
improprieties that had occurred but failed to do so.

Andrade was put on constructive notice of the pendency
of the proposed findings and conclusions when he received

the initial copy in 1975. The record clearly shows that, after receiving the initial copy of the proposed findings and conclusions in May 1975, Andrade did not object or serve the trial court with a copy of any alternative findings or conclusions. Similarly, Andrade had the opportunity to object to the proposed judgment after receiving the Notice of Entry and Judgment on March 8, 1976, but failed to do so. There is no showing that the court acted in an arbitrary or improper manner so as to deny Andrade due process. Andrade had ample opportunity to defend himself. We hold that the noncompliance by ICC of *RCC* Rules 21 and 23 was harmless error.

The judgment is affirmed.

*William J. Rosdil* for defendant-appellant.

*Herbert I. Kushi (Masanori Kushi* with him on the brief; *Kushi, Shimokusu & Kushi* of counsel) for plaintiff-appellee.