**VIRGINIA HAMMON**, fka **VIRGINIA MONSEF**, Plaintiff–Appellant, v. **STANLEY MONSEF**, Defendant–Appellee

NO. 13945

(FC–D NO. 12019)

MAY 30, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Virginia Hammon (Virginia), formerly known as Virginia Monsef, appeals the family court's July 7, 1989 denial of her January 3, 1989 HFCR Rule 60(b)(6) motion for modification of the family court's June 29, 1988 Amended Judgment as clarified by its September 12, 1988 Order. We affirm.

## FACTS

The relevant events, in chronological sequence, are as follows:

| | |
|---|---|
| June 20, 1973 | Virginia and defendant Stanley Monsef (Stanley) marry. |
| November 7, 1983 | The United States District Court for the Northern District of California enters a $970,128.22 ($710,000.00 principal and $260,128.22 interest) judgment (Iran Judgment) in favor of Mercury Consultants, Inc., Stanley's corporation, against the Kish Island Development Organization and the Islamic Republic of Iran. The interest rate on the Iran Judgment is 10.58% per annum. |
| November 16, 1984 | Virginia files a complaint for divorce. |
| August 31, 1986 | Stanley is paid the total amount due under the Iran Judgment. |
| February 18, 1987 | Family court files a Divorce Decree, effective as of December 16, 1986, which decides only the issues of divorce and custody. |
| June 19, 1987 | Family court files an Amended Divorce Decree, which decides the remaining issues. |
| June 22, 1987 | Intermediate court of appeals (ICA) files its opinion in *Woodworth v. Woodworth*, 7 Haw. |

App. ____, 740 P.2d 36 (1987). It creates six categories of net market values (NMVs) divisible and distributable in divorce cases, as follows:

**Category 1**. The NMV, plus or minus, of all property separately owned by one spouse on the DOM [date of marriage] but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

**Category 2**. The pre–DOFSICOD [pre–date of final separation in contemplation of divorce] increase in the NMV of all property whose NMV on the DOM is included in category 1 and that the owner separately owns continuously from the DOM to the DOFSICOD. ·

**Category 3**. The date–of–acquisition NMV, plus or minus, of property separately acquired by one spouse by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

**Category 4.** The pre–DOFSICOD increase in the NMV of all property whose NMV on the date of acquisition during the marriage is included in category 3 and that the owner separately owns continuously from the date of acquisition to the DOFSICOD.

**Category 5.** The NMV, plus or minus, of all property owned by one or both of the spouses on the DOFSICOD minus the NMVs, plus or minus, includable in categories 1, 2, 3, and 4.

**Category 6.** The difference between the NMVs, plus or minus, of all property owned by one or both of the spouses at the conclusion of the evidentiary part of the trial and the total of the NMVs, plus or minus, includable in categories 1, 2, 3, 4, and 5.

February 8, 1988    Family court decides to amend the Amended Divorce Decree to include a division of the Iran Judgment. It concludes that the principal of the Iran Judgment is Stanley's category 1 NMV and the interest is a category 5 NMV.

March 15, 1988    In accordance with its February 8, 1988 decision, family court

|  | enters a $221,625.00 Judgment in favor of Virginia and against Stanley. |
|---|---|
| June 27, 1988 | Virginia appeals the prior orders, including the forthcoming Amended Judgment. |
| June 29, 1988 | Family court enters an Amended Judgment. It concludes that the interest on the Iran Judgment up to the filing of the November 16, 1984 divorce complaint is a category 2 NMV. It concludes that the post–November 16, 1984 interest is a category 6 NMV. It gives Stanley 30 days to provide "documentary proof . . . of the total amount of the Iran Judgment collected, the amount of interest accrued on the promissory note and subsequent judgment, the corporate taxes incurred and the reasonable collection costs." |
| September 12, 1988 | Family court enters Order determining the amount of the Amended Judgment to be "the principal sum of $97,828.00, plus per diem interest beginning on September 1, 1988, at the rate of $21.93 per day until fully paid." |
| October 13, 1988 | Virginia and Stanley, through an exchange of letters between their |

counsel, confirm their prior oral agreement to (1) the terms of the September 12, 1988 order; (2) the amount of Virginia's attorney fees; and (3) the timing and method of all payments due. Then, also through counsel, they enter into a Stipulation for Withdrawal of Appeal.

October 25, 1988    Supreme court enters an order approving the October 13, 1988 Stipulation for Withdrawal of Appeal.

November 25, 1988    Supreme court files *Myers v. Myers*, 70 Haw. 143, 764 P.2d 1237 (1988). It disagrees in part with *Woodworth* and abolishes category 6. In effect, it amends categories 2, 4, and 5 by replacing DOFSICOD with DOCOEPOT (date of the conclusion of the evidentiary part of the trial).

January 3, 1989    Virginia files a HFCR Rule 60(b)(6) motion to vacate the Amended Judgment and (1) for reconsideration as if *Woodworth* had been entirely overruled; or (2) re–enter the March 15, 1988 Judgment; or (3) award her 25 percent of the $187,870.00 interest accrued from DOFSICOD

|  | until August 31, 1986 when the Iran Judgment was satisfied. |
| July 7, 1989 | The family court enters an order denying Virginia's January 3, 1989 motion. |
| July 13, 1989 | Virginia appeals the July 7, 1989 order. |

## DISCUSSION

Since HFCR Rule 60(b)(6) is contrary to the general rule favoring finality of actions, we have concluded that the family court has no discretion to grant a Rule 60(b)(6) motion unless the movant satisfies three requirements. *Hayashi v. Hayashi*, 4 Haw. App. 286, 666 P.2d 171 (1983). One of the requirements is that "the reason urged is such as to justify the relief[.]" *Id.* at 290, 666 P.2d at 174.

In the instant case, Virginia's reason for seeking relief under Rule 60(b)(6) is the change *Myers* made to the law of *Woodworth*. We hold that Virginia's reason does not justify relief under Rule 60(b)(6). We agree with *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) that "something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief." We further agree with the view that "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices [she] has made. A party remains under a duty to take legal steps to protect [her] own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal." 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2864 (1973) (footnotes omitted).

If Virginia had not withdrawn her appeal, the current law in *Myers* rather than the prior law in *Woodworth* would have been applied in her case. Her decision to withdraw her appeal precluded

that from happening. It also precluded appellate review of the family court's conclusion that the interest on the Iran Judgment is a category 2 NMV rather than a category 5 NMV.

## CONCLUSION

Accordingly, we affirm the family court's denial of Virginia's January 3, 1989 HFCR Rule 60(b)(6) motion to vacate the June 29, 1988 Amended Judgment as clarified by the September 12, 1988 Order.

*William J. Rosdil, Phillip L. Carey, Paul K. Hamano, Norman A. Wessel,* and *Pedar C. Wold* (William J. Rosdil, Attorney at Law, a Law Corporation) on the briefs for plaintiff–appellant.

*Valta A. Cook, Steven S.C. Lim,* and *Ivan M. Torigoe* (Case & Lynch) on the brief for defendant–appellee.