**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000196**
**12-APR-2018**
**08:10 AM**

NO. CAAP-16-0000196

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Plaintiff/Counterclaim Defendant-Appellee, v.
DONNA LYNCH, Defendant/Counterclaim Plaintiff/
Third-Party Plaintiff-Appellant, and
BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME
LOANS SERVICING, LP, Third-Party Defendant-Appellee,
JOHN DOES 1-50; JANE DOES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0578(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Chan, JJ.)

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff-Appellant Donna Lynch (**Lynch**) appeals from the Order Denying Defendant's Motion for Relief Pursuant to Rule 60(b)(1),(2),(3) and (6), and to Strike the Writ of Possession Entered on August 20, 2015 Filed on December 29, 2015 (**Order Denying the Rule 60(b) Motion**), entered in the Circuit Court of the Second Circuit (**Circuit Court**), on April 15, 2016, against her and in favor of Plaintiff/Counterclaim Defendant-Appellee Federal National Mortgage Association (**Fannie Mae**) and Third-Party Defendant-

Appellee Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP (**Bank of America**) (together, **Appellees**). Lynch also challenges the Circuit Court's Order Denying Defendant's Non-Hearing Motion to Reconsider Motion for Relief Pursuant to Rule 60(b)(1),(2),(3) and (6), and to Strike the Writ of Possession Entered on August 20, 2015, entered in the Circuit Court on April 1, 2016 (**Order Denying Reconsideration**).[1]

Although represented by counsel on this appeal, Lynch's Opening Brief does not contain a "concise statement of the points of error" as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Nor does Lynch's brief provide accurate and sufficient record references supporting "each statement of fact or mention of court or agency proceedings." HRAP Rule 28(b)(3). However, the Hawai'i Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks omitted). Thus, upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we have considered Lynch's discernible arguments as follows:

Fannie Mae filed a Complaint for Ejectment (**Complaint**) against Lynch on August 29, 2011, after purchasing the subject

---

[1] The Honorable Joseph E. Cardoza presided.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

property at a non-judicial foreclosure sale held in 2010. Lynch answered the Complaint and filed a counterclaim against Fannie Mae and a third-party complaint against Bank of America. After various proceedings, on January 21, 2015, the Circuit Court entered an order granting summary judgment as to the counterclaim and third-party complaint. On August 20, 2015, the Circuit Court entered an order granting summary judgment on the Complaint, a Writ of Possession, and a Judgment.

On December 29, 2015, Lynch filed a motion pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rules 60(b)(1), (2), and (6), seeking to set aside the August 20, 2015 order granting summary judgment order on the Complaint, Judgment, and Writ of Possession.[2] Lynch primarily argued, pursuant to HRCP Rule 60(b)(1), that relief should be granted due to the negligence and mistakes of her prior attorneys, the Dubin Law Firm (**Dubin Firm**). Lynch also argued, pursuant to HRCP Rule 60(b)(2), that there was newly discovered evidence in that she learned that the Dubin Firm had failed to conduct adequate discovery in the case. In addition, Lynch argued, pursuant to HRCP Rule 60(b)(6), that in light of the fact that the Circuit Court had denied in part Appellees' motion to dismiss her counterclaim and third-party claims, absent the Dubin Firm's gross incompetence, she would have been able to litigate her case on the merits and the order granting summary judgment and the Writ of Possession would not have been entered. After a series of hearings, further filings

---

[2]     Lynch did not seek relief from the January 21, 2015 order granting summary judgment as to the counterclaim and third-party complaint.

and arguments by both sides, the Circuit Court orally ruled that there was not sufficient factual or legal basis to grant the requested relief and denied the motion.

On March 1, 2016, prior to the written entry of the Order Denying the Rule 60(b) Motion, Lynch filed a motion for reconsideration of the denial of the Rule 60(b) motion. Lynch argued that the Circuit Court should reconsider her Rule 60(b) Motion because Fannie Mae had late-filed a supplemental or reply memorandum to a supplemental affidavit filed by Lynch and she was prejudiced in not receiving it until after the final hearing on her motion. On April 1, 2016, the Circuit Court entered the Order Denying Reconsideration, which noted that the late-filed reply was filed after the court's final hearing and oral ruling and stated that the court had not considered Appellees' late-filed reply in conjunction with its ruling on Lynch's Rule 60(b) motion.

On appeal, Lynch primarily argues that the Circuit Court abused its discretion in denying her motion for reconsideration because the Circuit Court failed to make reasonable accommodations to ensure that Lynch, as a then-*pro se* litigant, had an opportunity to have her matters be fairly heard. This argument is without merit.

As Lynch acknowledges, the Circuit Court held three hearings on her Rule 60(b) motion. It is clear from the transcript of the hearings on Lynch's Rule 60(b) motion that the court carefully considered all of Lynch's substantive arguments. In addition, the court suggested possible options or avenues of

4

assistance for Lynch including, for example, suggesting at the first hearing that Lynch speak to a HUD certified counselor. At the second hearing, the court asked counsel for Appellees to further communicate with Lynch and the HUD certified counselor and perhaps other agencies. At the final hearing on Lynch's Rule 60(b) motion, after further argument of the parties, the court addressed Lynch's asserted grounds for relief based on her former counsel's alleged negligence. See U.S. Bank Nat. Ass'n v. Salvacion, No. 30594, 2011 WL 1574585 (Haw. App. April 26, 2011) (mem. op.); accord Isemoto Contracting Co., Ltd. v. Andrade, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980) (stating that carelessness of counsel is not excusable neglect sufficient to invoke relief under HRCP Rule 60(b)(1)).

The Circuit Court, upon consideration of the matters pointed to by Lynch and its own record, did not view the Dubin Firm's actions as excusable neglect under HRCP Rule 60(b)(1). Nor did the court view the asserted lack of discovery to constitute newly discovered evidence warranting relief under HRCP Rule 60(b)(2). Finally, the court recognized that, under exceptional or aggravated circumstances, relief might otherwise be available based on counsel's gross and inexcusable negligence, but the court did not find that such circumstances existed in this case. See generally Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 149, 883 P.2d 65, 70 (1994) ("when an attorney's neglect is gross and inexcusable courts have held that relief may be justified under Rule 60(b)(6) . . . a case could arise of such extreme aggravation with respect to the conduct of counsel that a

trial court, in its discretion, would set aside a judgment in a civil case" (citations and quotation marks omitted)).

Upon review, we cannot conclude that the Circuit Court abused its discretion in denying Lynch's motion for reconsideration or the underlying HRCP Rule 60(b) motion. See, e.g., Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002) ("circuit court's disposition of an HRCP Rule 60(b) motion is reviewed for abuse of discretion"); Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citation omitted) (the appellate court reviews a "trial court's ruling on a motion for reconsideration . . . under the abuse of discretion standard"). On appeal, Lynch asserts that the Dubin Firm failed to communicate with her. Yet, in support of her requests for relief, she provides numerous email communications between her and Dubin Firm lawyers, including Mr. Dubin. While Mr. Dubin's assessments of the case and strategies were unsuccessful, they were not, as Lynch now argues, nonexistent. Lynch also asserts that the Dubin Firm late-filed its memorandum in opposition to summary judgment. However, the record shows that the court considered the memorandum, as well as counsel's arguments. Lynch claims that she was prejudiced by the Dubin Firm's failure to respond to requests for admissions because Appellees' counsel orally argued that her admissions provided additional arguments for relief. However, the record shows that the subject requests for admissions were not placed in the record until after the court announced its ruling on the motion and there is nothing to

support the suggestion that the court relied on purported admissions not properly before the court. Upon a thorough consideration of all of the evidence and arguments presented to the Circuit Court, as well as Lynch's arguments on appeal, we reject Lynch's argument that the Circuit Court abused its discretion in denying her relief from the order granting summary judgment in favor of Fannie Mae on its Complaint for Ejectment.

For these reasons, the Circuit Court's April 15, 2016 Order Denying the Rule 60(b) Motion and April 1, 2016 Order Denying Reconsideration are affirmed.

DATED: Honolulu, Hawai'i, April 12, 2018.

On the briefs:

Michael J. Collins,
Joshua C. James,
(Cain & Herren, ALC)
for Defendant/Counterclaim
    Plaintiff/Third-Party
    Plaintiff-Appellant.

Patricia J. McHenry,
(Cades Schutte LLP)
for Plaintiff/Counterclaim
    Defendant-Appellee Federal
    National Mortgage Association,
              and
Third-Party Defendant-Appellee
    Bank of America, N.A., successor
    by merger to BAC Home Loans
    Servicing, LP, FKA Countrywide
    Home Loans Servicing, LP.

Acting Chief Judge

Associate Judge

Associate Judge