**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000511
13-JUN-2024
08:52 AM
Dkt. 74 SO**

NO. CAAP-23-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

N.P., Petitioner-Appellee,
v.
A.C., Respondent-Appellant
and
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. 5PP171000013)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Respondent-Appellant A.C. (**Mother**) appeals from the August 4, 2023 Order Re: [Mother's] May 22, 2023 Motion to Set Aside Order Dissolving the Order for Protection Filed in FC-DA No. 16-1-0193 (**Order Denying Motion to Set Aside**) entered by the Family Court of the Fifth Circuit (**Family Court**).[1]  Mother also challenges the Family Court's October 27, 2023 Findings of Fact [(**FOFs**)] and Conclusions of Law [(**COLs**)]; Order (**FOFs/COLs/ Order**).

---

[1] The Honorable Gregory Meyers presided.

In 2016, Mother filed a petition in FC-DA 16-1-0193 (the **OFP Matter**), which also involved Petitioner-Appellee N.P. (**Father**). Mother alleged that Father sexually abused the parties' child (**Child**). The Family Court immediately entered a temporary restraining order (**TRO**). On February 1, 2017, the Family Court granted Mother's petition and entered an order for protection (**2017 OFP**) to expire in twelve years, on January 31, 2029.[2] The 2017 OFP stated that Mother would have temporary legal and physical custody, and Father would have supervised visitation. Father appealed. The 2017 OFP was affirmed in 2018.

Meanwhile, Father filed this paternity case, seeking to voluntarily establish paternity, and orders for custody, support and visitation. A three-day trial was held in 2018 and 2019. Thereafter, the Family Court entered its June 6, 2019 FOFs, COLs, and Order (**Paternity Order**).[3] Based on a totality of new evidence, the Family Court found that Father did not sexually abuse Child, Mother's allegations were false, and certain other evidence of such abuse was not reliable or credible. The Family Court concluded, *inter alia*, that it is in the best interests of Child (and Father) for a process of therapeutic reunification to take place, with supervised visitation to Father. Father and Mother were awarded joint legal custody of Child. Mother did not appeal the Paternity Order.

On June 20, 2019, in the OFP Matter, Father filed a motion to dissolve the 2017 OFP. After an August 15, 2019

---

[2] The Honorable Joe P. Moss presided.

[3] The Honorable Edmund D. Acoba presided.

hearing in the OFP Matter, the Family Court entered an order dissolving the 2017 OFP on August 19, 2019.  Mother did not file an appeal in the OFP Matter from the August 19, 2019 order.

Nearly four years later, Mother filed the Motion to Set Aside Order Dissolving the Order for Protection Filed in FC-DA No. 16-1-0193 (**Motion to Set Aside**), in this paternity action, basically on the grounds argued in this appeal.

Mother raises six points of error on appeal, contending that the Family Court erred in:  (1) finding in FOF 7 that until 2017, there was no formal custody order entered for Child; (2) concluding in COLs 3, 6, 7, 8, and 9 that the Family Court judge entering the Paternity Order in this case had the jurisdiction and discretion to dissolve the 2017 OFP, which was issued in the OFP Matter pursuant to Hawaii Revised Statutes (**HRS**) § 586-5.5 (2018), not HRS § 586-4(d) (2018); (3) concluding in COL 10 that the 2017 OFP issued in the OFP Matter was properly dissolved; (4) concluding in COL 13 that Mother failed to timely file her Motion to Set Aside Order; (5) concluding in COL 14 that the concept of a void judgment must be narrowly construed; and (6) entering the Order Denying Motion to Set Aside.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1)  Mother makes no argument in support of her first point of error.  Therefore it is waived.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

(2) Mother argues that the Family Court did not have jurisdiction in this paternity action to enter the Paternity Order to the extent that it dissolved the 2017 OFP issued in the OFP Matter. It appears that this issue is moot as a matter of law. As stated in FOF 13 and COL 10 of the FOFs/COLs/Order, and as argued by Father on appeal, in the OFP Matter, the Family Court entered an order dissolving the 2017 OFP in the OFP Matter on August 19, 2019. Mother did not file an appeal from that order in the OFP Matter. Therefore, we need not further reach the substance of Mother's arguments on this point of error.

(3) COL 10 states that the 2017 OFP was properly dissolved in the OFP Matter. Mother challenges this COL and adds that because the Family Court had no jurisdiction to set aside the 2017 OFP in the Paternity Order, it was "improper" for the Family Court judge in the OFP Matter to hear Father's motion to dissolve the 2017 OFP. Mother makes no other argument. Clearly, this argument is directed toward the Family Court's actions in the OFP matter and has no merit with respect to this appeal in the paternity action.

(4) Mother contends the Family Court erred in concluding that the Motion to Set Aside was untimely because a challenge to a judgment as void for lack of jurisdiction may be made at any time in a post-judgment motion brought under Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b)(4).

HFCR Rule 60(b) provides that the Family Court may relieve a party from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason. "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken." Id. The Hawaiʻi appellate courts have held that this rule applies to "all motions made" under HFCR Rule 60(b), **"except motions made under HFCR Rule 60(b)(4)."** Greene v. Greene, 8 Haw. App. 559, 568, 815 P.2d 28, 32 (1991) (emphasis added); Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 195, 268 P.3d 443, 448 (App. 2011) (noting that a judgment may be declared void under HRCP Rule 60(b)(4) "regardless of how much time has passed between entry of judgment and filing the motion" (quoting Bank of Haw. v. Shinn, 120 Hawaiʻi 1, 11, 200 P.3d 370, 380 (2008))). Thus, the Family Court erred in concluding that Mother's "jurisdictional" challenge was untimely.

We conclude, however, that the error is harmless, as the Family Court did not deny the Motion to Set Aside based on untimeliness, but considered and rejected it on the merits.

(5) Mother makes no argument in support of her fifth point of error. Therefore, it is waived. See HRAP Rule 28(b)(7).

(6) Mother's final point of error is simply a catch-all statement that the Family Court was wrong.

For these reasons, the Family Court's August 4, 2023 Order Denying Motion to Set Aside is affirmed.

DATED: Honolulu, Hawaiʻi, June 13, 2024.

On the briefs:

Samuel P. King, Jr.,
For Respondent-Appellant.

Peter Van Name Esser,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge