**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000374**
**07-AUG-2025**
**07:59 AM**
**Dkt. 37 SO**

NO. CAAP-23-0000374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROL A. DICKS, Plaintiff-Appellee, v. NAPILI KAI, LTD.
dba NAPILI KAI BEACH RESORT, Defendant-Appellant,
and JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5;
DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5 and DOE
GOVERNMENTAL UNITS 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-21-0000008)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Napili Kai**, Ltd., doing business as Napili Kai Beach
Resort, appeals from the *Final Judgment in Favor of Plaintiff*
Carol A. **Dicks** entered by the Circuit Court of the Second Circuit
on May 12, 2023.[1]  Napili Kai challenges the May 9, 2023 order
denying its motion to set aside the judgment for Dicks, which was
based on a Court Annexed Arbitration Program (**CAAP**) arbitration
award.  We affirm.

Dicks sued Napili Kai on January 11, 2021.  She claimed
to have been injured in a slip-and-fall accident while a guest at
the Napili Kai Beach Resort.  The case was submitted to CAAP.
The arbitration award was served on December 22, 2022.  A notice

---

[1]    The Honorable Peter T. Cahill presided.

of appeal and request for trial de novo was due on January 11, 2023. See Hawaiʻi Arbitration Rules (**HAR**) Rule 22.

Napili Kai filed a notice of appeal and request for trial de novo on January 12, 2023 — one day late. A judgment on the CAAP award was entered on January 31, 2023. See HAR Rule 21. Napili Kai moved to set aside the judgment. The Circuit Court denied the motion. The Final Judgment was entered on May 12, 2023. This appeal followed.

Napili Kai contends the Circuit Court erred by (1) denying its motion to set aside the judgment despite evidence of excusable neglect and (2) infringing on its constitutional right to a jury trial.

**(1)** Napili Kai's motion to set aside the judgment was made under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(1). We review for abuse of discretion. Beneficial Haw., Inc. v. Casey, 98 Hawaiʻi 159, 164, 45 P.3d 359, 364 (2002).

Napili Kai argues its late filing of the notice of appeal and request for trial de novo resulted from excusable neglect.[2] It cites Association of Apartment Owners of Kai Makani v. Oleksa, No. CAAP-16-0000611, 2019 WL 2281248, at *3 (Haw. App. May 29, 2019) (SDO). There, the circuit court dismissed a foreclosure action for failure to prosecute. The plaintiff moved to set aside the dismissal and for summary judgment. Both motions were served by mail on the self-represented defendants. The defendants left on a mainland trip before receiving the motions. While on the mainland, one of them suffered a ruptured artery and was hospitalized. They returned home after the circuit court had granted the motion to set aside and heard the motion for summary judgment. They hired counsel, who promptly moved to set aside the judgment. The circuit court denied the

---

[2] HRCP Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) . . . excusable neglect[.]

2

motion. The defendants appealed. We held the defendants' failure to oppose the motion for summary judgment was due to excusable neglect. We vacated the judgment.

Here, Napili Kai does not contest the CAAP award was faxed to its counsel on December 22, 2022. According to Napili Kai, the attorney who handled the CAAP hearing "disassociated" from his law firm the day after the hearing. Its other attorney at the firm

> was out of the office, in another country. [He] did not return to Honolulu until December 29, 2022. In or around that time, [the] legal assistant [for the attorney who handled the CAAP hearing] resigned from [the law firm] and the deadline to file a Notice of Appeal and Request for Trail [sic] De Novo was not calendared. [Counsel] found out that the deadline to file the Notice and Request had past [sic] and immediately filed [it] the next day.

Napili Kai's counsel's law firm had actual notice of the CAAP award on December 22, 2022, even though the lawyer responsible for the case did not return to Honolulu until December 29. Even considering the New Year holiday and the former legal assistant's failure to calendar the deadline, counsel had more than a week to file the notice of appeal and request for trial de novo after returning to Honolulu. Under these circumstances, we conclude the Circuit Court did not abuse its discretion by denying Napili Kai's motion to set aside the judgment. See Oleksa, 2019 WL 2281248, *3 ("The weight of authority has not recognized ignorance of the law or carelessness of counsel to be excusable neglect justifying the invocation of relief under HRCP Rule 60(b)(1)." (cleaned up)) (quoting Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980)).

(2) Napili Kai contends the Circuit Court's denial of its motion to set aside the judgment infringed upon its constitutional right to a jury trial. Neither Dicks' complaint nor Napili Kai's answer contained a demand for jury trial. We need not address this point of error because Napili Kai waived its right of trial by jury. HRCP Rule 38(d).

The *Final Judgment in Favor of Plaintiff* entered by the Circuit Court on May 12, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, August 7, 2025.

On the briefs:

Randall K. Schmitt,
for Defendant-Appellant
Napili Kai, Ltd. dba
Napili Kai Beach Resort.

Matthew S. Kohm,
for Plaintiff-Appellee
Carol A. Dicks.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge