**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000456
14-JAN-2026
07:48 AM
Dkt. 72 SO**

NO. CAAP-23-0000456

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD GARY HARDER, Plaintiff-Appellee,
v.
CHERYL MITSUYE SAKAMOTO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DV151000342)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Cheryl Mitsuye Sakamoto (**Wife**) appeals from the July 3, 2023 Judgment filed in the Family Court of the Second Circuit (**family court**).[1] This matter arises out of a dispute regarding the distribution of proceeds from the sale of a Moloka'i property (**Property**) owned by Plaintiff-Appellee Richard Gary Harder (**Husband**) and Wife.

---

[1] The Honorable James R. Rouse presided.

Husband filed a Complaint for Divorce in September 2015. The family court entered a Divorce Decree in January 2016, which required the parties to sell the Property, and provided that Husband, Wife, and the Richard Gary Harder Revocable Trust would each receive one-third of the sale proceeds. Husband and Wife were to share equally in the costs of maintaining the Property in a saleable condition.

Husband filed a motion to enforce the Divorce Decree in November 2022, which resulted in the sale of the Property. Wife subsequently filed a motion to modify the Divorce Decree (**Motion to Modify**), which requested modification of the Divorce Decree so that Wife would instead receive half of the net sale proceeds. The family court held an evidentiary hearing and denied Wife's Motion to Modify.

On appeal, Wife raises four points of error, contending that the family court erred by: (1) "issu[ing] findings of fact [(**FOFs**)] that were clearly erroneous and/or conclusions of law [(**COLs**)] that were wrong"; (2) "overrul[ing] objections to [Husband's] questioning about [Wife's] alleged bankruptcy," which occurred prior to Wife's marriage with Husband; (3) "den[ying Wife's] Motion to Modify"; and (4) denying Wife's request for reimbursement for maintaining the Property.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wife's points of error as follows[2]:

(1) Wife contends the family court erred when it denied Wife's Motion to Modify.  "Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion."  Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).  The court "will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason."  Id. (citation omitted).

Wife contends that her Motion to Modify, construed as a Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b) motion, entitles her to relief under subsections (1) for mistakes, (5) because "it is no longer equitable that the judgment should have prospective application," and/or (6) for "any other reason

---

[2]     We consolidate and renumber Wife's points of error and arguments herein, to the extent it makes sense to do so, for purposes of our analysis.

justifying relief from the operation of the judgment."[3]  Wife's contentions lack merit.

HFCR Rule 60(b)(1) motions must be filed "not more than one year after the judgment, order, or proceedings was entered or taken."  The Divorce Decree was entered in January 2016, and Wife's Motion to Modify was filed in April 2023.  Wife's Motion to Modify was therefore untimely pursuant to HFCR Rule 60(b).

HFCR Rule 60(b)(5) authorizes the termination of the continued enforcement of a judgment when "it is no longer equitable that the judgment should have prospective application."  See Greene v. Greene, 8 Haw. App. 559, 566, 815 P.2d 28, 31 (App. 1991) (holding that HFCR Rule 60(b)(5) does not apply where the motion requested an order for a specific award and not just the termination of the continued enforcement of the award).  Here, Wife did not request to discontinue the enforcement of the relevant provisions in the Divorce Decree, but instead requested that she receive a bigger share of the

---

[3]  We note that Wife did not cite or rely on any of these HFCR Rule 60(b) bases for relief from judgment in her Motion to Modify.  Because Wife was self-represented when she filed this motion, we will construe her Motion to Modify as an HFCR Rule 60(b) motion for relief from judgment.  See Makila Land Co. v. Kapu, 152 Hawaiʻi 112, 121, 522 P.3d 259, 268 (2022) ("Pro se filings, even when misbranded, should be reasonably construed in a manner that results in identifying a route to relief, not in rendering relief impossible.") (cleaned up).

sale proceeds that was initially awarded to her. Therefore, HFCR Rule 60(b)(5) does not apply here.

HFCR Rule 60(b)(6) gives the family court discretion to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment," if the motion was made within a reasonable time. "[W]hat constitutes a 'reasonable time' is determined in the light of all attendant circumstances, intervening rights, loss of evidence, prejudice to the adverse party, the commanding equities of the case, and the general policy that judgments be final." Id. at 568-69, 815 P.2d at 32 (citations omitted). Wife contends the Divorce Decree was "unconscionable from its inception" such that "it warranted modification from the start." Wife's contention lacks merit. The record reflects that Wife's counsel during the divorce proceedings drafted the Divorce Decree, and Husband did not make any changes to the provisions set forth therein.[4]

We therefore determine, on this record, that the family court did not abuse its discretion in denying Wife's Motion to Modify.

---

[4]    Wife further contends that neither party anticipated that the Property would remain unsold for several years, and therefore, the inequity of the distributions did not become apparent until significant time passed. It appears, however, that the parties contemplated the possibility that the Property would not sell immediately. The Divorce Decree provides that, if the Property remained unsold after March 1, 2016, the parties were to rent out the property and apply the rental proceeds to the monthly mortgage and utility costs before either party was required to pay their share.

(2) Wife contends the family court erred when it denied Wife's request for reimbursement for her work in maintaining the Property in a saleable condition.[5]  We review the family court's decision for abuse of discretion.  Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360.

The Divorce Decree provided that, if the Property had not yet been sold by March 1, 2016, "the parties shall be equally responsible for the necessary, agreed upon costs to maintain the [P]roperty in saleable condition."  (Emphasis added.)  The parties agree that Wife did maintenance and landscaping work on the Property during the years prior to its sale.  Wife contends that she is entitled to reimbursement for her labor "under either the theory of implied contract or the theory of unjust enrichment."[6]

---

[5]     We decline to address Wife's contention that the family court erred in debiting the Hawaiʻi Real Property Tax Act income tax withholding "solely from [Wife's] share of the proceeds rather than the withholding being split among the parties."  See Hawaii Revised Statutes § 235-68 (2017) (governing the "[w]ithholding of tax on the disposition of real property by nonresident persons").  Wife did not raise this argument during the family court proceedings.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).

[6]     Wife also contends that the family court erred in denying her reimbursement for her travel costs.  Husband testified that travel costs were not an agreed-upon cost, and that, although he was aware that Wife was traveling to the Property, he did not tell Wife he would pay for her travel expenses.  Wife testified that Husband was aware she was traveling to the Property and did not object to her travel, but also that there was no agreement that Husband would compensate her for her plane fares.  The family court found Husband's testimony credible, and Wife's testimony not credible. We will not address issues dependent on the family court's credibility determinations and weighing of evidence.  See LC v. MG & Child Support Enf't Agency, 143 Hawaiʻi 302, 310-11, 430 P.3d 400, 408-09 (2018).

A claim for implied contract requires the claimant to "present evidence that the [opposing party] *requested* [the claimant] to render the services or *assented* to receiving the[] benefit under circumstances negativing any presumption that they would be gratuitous." Durette v. Aloha Plastic Recycling, Inc., 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004) (cleaned up). An implied contract exists where "an agreement in fact, creating an obligation, is implied or presumed from their acts," though there must still be a "mutual intent to form a contract." Kemp v. Child Support Enf't Agency, 111 Hawaiʻi 367, 391, 141 P.3d 1014, 1038 (2006) (cleaned up).

The record reflects that there was no implied contract to pay Wife for her landscaping work. Husband testified that: he did not agree to pay Wife for landscaping work; Wife would tell him "that she was doing a lot of work outside"; Wife would send him pictures; he told Wife to stop her work; he told Wife multiple times that "she was working [too] much" and that "it didn't need to be done"; and that he would not have hired someone to do the landscaping work, even if Wife did not do it. Wife testified, moreover, that Husband did not agree to compensate her for various landscaping work, such as pruning, weeding, and trimming.

The record also reflects that Husband was not unjustly enriched by Wife's landscaping work. A claim for unjust

7

enrichment requires the claimant to "prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." Durette, 105 Hawai'i at 504, 100 P.3d at 74 (cleaned up).

Husband testified that he elected to compensate Wife around $1,000/month for her general maintenance work in consideration of the Divorce Decree's instruction that the Property expenses were to be shared by Husband and Wife equally. Husband did not receive the entire benefit of Wife's work, given that the Divorce Decree specified that Wife was responsible for one-half of the Property expenses. Cf. Small v. Badenhop, 67 Haw. 626, 635-37, 701 P.2d 647, 654-55 (1985).

We therefore conclude that the family court did not abuse its discretion in denying Wife's claim for reimbursement.

(3) Wife contends that the family court erred when "it [overruled Wife's] objection to any questioning about [her] alleged bankruptcy occurring prior to the parties' marriage" as being impermissible character evidence pursuant to Hawaii Rules of Evidence Rule 404. The record reflects that, during the evidentiary hearing, Wife only objected to the questioning because it was argumentative and not relevant. Wife did not object to the questioning on the basis that it was impermissible character evidence. An evidentiary objection not raised or properly preserved in the lower court will not be considered on

appeal, even where the evidence was objected to on other grounds. State v. Crisostomo, 94 Hawaiʻi 282, 290, 12 P.3d 873, 881 (2000). We therefore conclude that this point of error was waived and that plain error review is not required to preserve Wife's fundamental rights, nor required by the ends of justice. See State v. Metcalfe, 129 Hawaiʻi 206, 225, 297 P.3d 1062, 1081 (2013).

(4) Wife contends that the "Overview" section of the family court's FOFs and COLs are "neither findings nor conclusions," FOFs 3, 4, 6, 10, 12, 13, 16, 20, 50, 53, 55-59, 61, 62, and 64-71 are clearly erroneous, and COLs 1, 2, 3-8, 11, and 13-15 are wrong.[7]

We review the family court's FOFs under the clearly erroneous standard; we review COLs de novo under the right/wrong standard. Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360. To the extent that Wife challenges the FOFs and COLs as insufficient or incomplete, we note that "[t]he trial judge is required to only make brief, definite, pertinent findings and conclusions upon the contested matters." Rezentes v. Rezentes, 88 Hawaiʻi 200, 203, 965 P.2d 133, 136 (App. 1998) (citation omitted).

---

[7] Wife challenges all FOFs and COLs "to the extent they are germane to this appeal." We will not address any FOFs or COLs for which there is no discernible argument. See Exotics Haw.-Kona, Inc. v. E.I. du Pont de Nemours & Co, 116 Hawaiʻi 277, 288, 172 P.3d 1021, 1032 (2007).

On this record, and for the reasons set forth above, we conclude that the family court's FOFs were not clearly erroneous and its COLs were not wrong, and that the family court did not abuse its discretion in making its decision.

We affirm the Judgment.

DATED: Honolulu, Hawaiʻi, January 14, 2026.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Kai Lawrence,
for Defendant-Appellant.                /s/ Sonja M.P. McCullen
                                        Associate Judge

Joy Yanagida,
for Plaintiff-Appellee.                 /s/ Kimberly T. Guidry
                                        Associate Judge