ROGER PAXTON, Plaintiff-Appellant, *v.* STATE OF HAWAII,
UNIVERSITY OF HAWAII, Defendants-Appellees

NO. 6800

MARCH 23, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying a motion to set aside an order dismissing the case for failure to answer defendants' interrogatories.

The motion stated that it was "based upon Rules 55(b) and 60(a) through (e) of the Hawaii Rules of Civil Procedure. . . ." Since this was not a default judgment but a dismissal as a sanction for failure to provide discovery, Rule 55(b) has no application. Rule 60(a), likewise, has no application since there is no contention that the original order of dismissal was a clerical mistake. There are, of course, no subsections (c), (d) and (e) to Rule 60. The briefs indicate that what the appellant was trying to do by his motion was to ask for

relief under 60(b). The question presented then, is whether the court below, on the record before it, abused its discretion in refusing to grant relief from the dismissal. We hold that it did not.

The complaint in this case was filed on August 12, 1976, and the case was at issue September 2nd with the filing of the answer. After the taking of a deposition, the appellant filed a statement of readiness on April 7, 1977, pursuant to which the court ordered that there be a hearing on April 23, 1977, to set the case for trial. At that hearing, the case was set for trial the week of July 11, 1977. On April 15th, the defendant filed and served by mail a set of interrogatories to plaintiff. On May 18th according to an affidavit by one of appellees' counsel, he contacted appellant's counsel and called his attention to the fact that the interrogatories' answers were due. Allegedly, appellant's counsel of record indicated that he would contact his client about the matter and contact appellees' attorney the next day. This he did not do. On May 24th, appellee filed a motion to dismiss or for sanctions or in the alternative, to compel discovery which was noticed for hearing on June 8, 1977. Appellant's counsel filed no memoranda, affidavit, or other document in opposition to the motion.

At the hearing on June 8, 1977, appellant's counsel informed the court that he did not know where his client was at the time. In view of the trial date of July 11th, the court ordered that the answers to the interrogatories be filed by June 23rd or the case would be dismissed.

Appellant's counsel was unable to contact appellant and the answers were not filed by the deadline date. However, on July 8, 1977, appellant, according to affidavits in the file, returned to the State of Hawaii from Taiwan and contacted his attorney. On July 11, 1977, according to appellant's counsel's affidavit, he contacted appellees' counsel's office informing them of his client's return "and he was informed the Attorney General could oppose any extension of time for the trial date." On the same day, an order in conformance with the court's oral ruling of June 8, 1977, was entered, stating "IT IS FURTHER ORDERED, that Defendants' Motion to Dismiss be granted in the event that Plaintiff fails to submit responses to Defendants' First Set of Interrogatories by June 23, 1977." The record contains no explanation as to why this order was filed so late. On August 1, 1977, an order dismissing the case for failure to answer defendants' first set of interrogatories was entered. On August 4,

1977, appellant filed his "Motion to Set Aside Order to Dismiss for Failure to Answer Interrogatories, and Motion to Continue Trial" which motion was set for hearing on August 17, 1977. On August 16, 1977, appellant filed answers to the interrogatories which had been sworn to on August 12th. At the hearing on August 17, 1977, the court orally denied the motion to set aside the dismissal and an order to that effect entered September 12, 1977. From that order, this appeal is prosecuted.

Appellant concedes that, since his motion was based upon Rule 60, HRCP, the time for taking an appeal from the order of August 1, 1977, dismissing the case was not tolled and that this appeal is solely from the order refusing to set aside the original order.

Basically, appellant's position is that he was absent from Hawaii and out of touch with his attorney, who had no means of communicating with him the fact of the filing of the interrogatories, the necessity of answering the same, and the deadline imposed by the court and that the court, therefore, should not have dismissed the case against him. That, however, is an argument addressed to the original order of August 1, 1977, dismissing the case and that order is not on appeal here.

Appellant can obtain relief in this appeal only if he shows that his conduct falls within one of the stated grounds for granting relief from a judgment under Rule 60(b). The only conceivable ground that he can be relying upon is a contention that his failure to file answers to the interrogatories constituted excusable neglect.

It is well-settled that the trial court has a very large measure of discretion in passing upon motions under Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion. 11 Wright & Miller, *Federal Practice and Procedure*, § 2872 (1973).

Had appellant taken a timely appeal from the order of August 1, 1977, the case of *Bagalay v. Lahaina Restoration Foundation*, 60 Haw. 125, 588 P.2d 416 (1978) and our own recent opinion in *GLA, Inc. v. Spengler*, decided February 19, 1981, would be in point. But, appellant did not do so. He, however, seeks to achieve the same result by contending that under Rule 60(b) he is saved by the excusable neglect provision, citing *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549 P.2d 1147 (1976), a default case. This is because Rule 55(c), HRCP,

equates the test for setting aside a default with the test under Rule 60(b), HRCP.

In *BDM, Inc. v. Sageco, Inc.,* the Supreme Court of Hawaii stated that the test was whether "the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, *and* (3) that the default was not the result of inexcusable neglect or a wilful act." (Underscoring supplied.) In considering the motion to set aside under Rule 60(b), the court below had the right to look at the record before it which showed that before any orders were actually entered in the case and before the scheduled trial date, appellant returned to the State of Hawaii and contacted his attorney. The only thing that was done at that point was that appellant's counsel, three days later which also happened to be the first day of the week in which the case was set for trial, contacted appellees' counsel and told them that appellant had returned to the State and was informed that the State would nevertheless oppose a continuance of the trial date. No contact with the court was made, no extension of time was requested of it, and no attempt was made to file the missing answers prior to the entry of any orders. On July 11th, the first order was entered, reciting that the action would be dismissed if the answers were not filed by June 23rd. On August 1, an order dismissing the case was entered. Finally, on August 4th, appellant filed his motion to set aside that order; on August 16th, filed his answers to interrogatories, and on August 17th, the hearing was held.

Thus, between appellant's return to the State of Hawaii and the filing of the order dismissing the case, 24 days elapsed during which appellant did nothing to attempt to alleviate the problem of his failure timely to respond to the interrogatories which, in turn, had been caused by his failing to leave an address with his attorney when he left the State. An additional 16 days elapsed before he got around to actually filing the answers to the interrogatories and they were filed four days after appellant had sworn to them. No reason why he could not have answered the interrogatories before any of the written orders entered is offered and no reason is offered for why the interrogatories' answers were filed so late. In these circumstances, we cannot say that the court abused its discretion when it determined on August 17, 1977, that the delay in answering the interrogatories was inexcusable.

Accordingly, the judgment below is affirmed.

*Edward C. Kemper (Kemper & Watts* of counsel) for appellant.

*Edward Yuen,* Deputy Attorney General, for defendants-appellees.