JOYCE HAYASHI, Plaintiff-Appellant, *v.* HERBERT T. HAYASHI, Defendant-Appellee

NO. 8601

(FC-D NO. 89612)

JUNE 9, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiff Joyce Hayashi (Wife) appeals from an order dismissing her claims for relief under Rule 60(b), Hawaii Family Court Rules (HFCR) (1982, as amended) and Hawaii Revised Statutes (HRS) § 580-47(c) and (d) (1976, as amended).[1] Wife's appeal raises the following issues: 1) did the trial court err in finding that all of Wife's Rule 60(b), HFCR, claims for relief, including her claim under the "independent action" provision, were untimely; 2) considering all the circumstances of the case, did the trial court abuse its discretion by dismissing Wife's motion for relief; and 3) did the trial court err in granting Herbert T. Hayashi's (Husband) Rule 41(b), HFCR, motion to dismiss without hearing any evidence? We will address each issue seriatim.

On January 3, 1975, the family court entered a decree granting Wife an absolute divorce and awarding her custody of the parties' three children. The decree provided for alimony and child support and incorporated the property settlement agreement (PSA) dated October 14, 1974, which was executed by both Husband and Wife.

On February 3, 1981, Wife filed a Motion for Relief After Decree pursuant to Rule 60(b)(6) and HRS § 580-47(c) and (d). Wife's motion asked the court to: (1) reform and/or set aside the PSA; (2) redivide the marital estate in an equitable manner;

---

[1] The motion actually cited 574-47(c), (d). At the trial court hearing, counsel for Wife explained that that was a typographical error.

(3) modify and increase alimony and child support payments;[2] and (4) issue further orders to insure Husband's compliance with the court's orders and/or Husband's covenants to provide certain minimum inheritances for the parties' children. The motion also stated that it was being brought as an independent action under Rule 60(b), HFCR.

Wife's motion for relief was based on three grounds: (1) the PSA was executed by Wife under duress and as a result of the wrongful coercion, domination, and undue influence of Husband; (2) the PSA was grossly and manifestly unfair and inequitable to Wife; and (3) the circumstances of the parties had changed so as to require an increase in alimony and child support payments.

On May 5, 1981, Husband filed a motion to dismiss Wife's motion for relief, which was heard on May 8, 1981 at the same time that the court had set a hearing on a motion to compel discovery and assess attorney's fees and costs, filed by Wife.[3]

After hearing, but without taking evidence, the court entered an order specifically: 1) dismissing Wife's claims for relief from the PSA and the final decree; and 2) denying her request for an order insuring Husband's compliance with his

---

[2] The alimony and child support questions were determined in a separate order entered December 21, 1981. A motion for reconsideration of that order was granted and after hearing, the court issued a second decision and order on August 30, 1982, which is the subject of a separate appeal, S.C. No. 9029.

[3] The hearing on Wife's motion was originally set for May 1, 1981. However, on May 5, 1981, at 7:49 a.m., a stipulation was filed continuing the hearing to May 8, 1981. Thereafter, at 3:10 in the afternoon of May 5, Husband filed a motion to dismiss Wife's motion for relief and a hearing was set for the same May 8 date. At 4:00 p.m., a 43-page memorandum in support of the motion to dismiss and 64 pages of exhibits were served upon Wife's attorney. On May 7, Wife's attorney attempted to file a motion to continue the dismissal hearing but was precluded from doing so because service could not be made prior to 48 hours before the scheduled hearing, as required by Rule 6(d)(3)(i), HFCR (1982, as amended).

In order to have filed the motion to continue, Wife's attorney would have had to serve it prior to 8:30 a.m. on May 6, 1981. Although it was not physically impossible for Wife's attorney to have filed a motion to continue by that time, or to have filed a memorandum in opposition to the motion to dismiss before the hearing, we are of the opinion that the procedural tactics of Husband's counsel placed such time constraints on Wife's counsel that it was very difficult for him to do so. Although we are sustaining the court's decision, we do not condone such procedural tactics.

covenants and with the court's order, and also generally dismissing all Rule 60(b) claims for lack of timeliness. The court further denied Wife's motion to compel discovery and for costs and attorney's fees.[4] The issue of increased alimony and child support was left for later determination.[5] This appeal followed.

I.

Rule 60(b), HFCR, states:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud. On motion and upon such terms as are just, the court may relieve a party or his legal representative from any or all of the provisions of a final decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)(2); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the decree is void; (5) the decree has been satisfied, released, or discharged, or a prior decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the decree should have prospective application; or (6) any other reason justifying relief from the operation of the decree. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the decree. For reasons (1) and (3) the averments in the motion shall be made in compliance with Rule 9(b) of these rules. A motion under this subdivision (b) does not affect the finality of a decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a decree, order, or proceed-

---

[4] The denial of this motion had not been raised as error.

[5] *See* footnote 2, *supra.*

ing, or to set aside a decree for fraud upon the court.[6] [Footnote added.]

Wife contends that the trial court erred in holding that her 60(b) claims were untimely. We will discuss separately Wife's claims for relief under Rule 60(b)(6), HFCR, and as an alternative independent action under Rule 60(b).

### A.

Rule 60(b)(6) permits the trial court in its sound discretion to relieve a party from a final judgment. *Isemoto Contracting Co. v. Andrade,* 1 Haw. App. 202, 616 P.2d 1022 (1980). Such relief is extraordinary and the movant must show that (1) the motion is based on some reason other than those specifically stated in clauses 60(b)(1) through (5); (2) the reason urged is such as to justify the relief; and (3) the motion is made within a reasonable time. 7 Moore's Federal Practice ¶ 60.27[1] (2d ed. 1982).

The first requirement is self-explanatory and merely indicates that subsection (6) is a residual clause to provide relief for considerations not covered by the preceding five clauses. *See Isemoto Contracting Co. v. Andrade, supra.* The second requirement means that the movant must prove that there are exceptional circumstances justifying relief. *Id.*

The third requirement calls for diligence by the moving party. *Kealoha v. Tanaka,* 42 Haw. 630 (1958) (overruled in part on other grounds, 57 Haw. 249, 553 P.2d 464 (1976)). Although Rule 60(b)(6) motions are not subject to the one-year limitation, they must be brought within a reasonable time. What constitutes a "reasonable time" is determined in the light of all attendant circumstances, intervening rights, loss of evidence, prejudice to the adverse party, the commanding equities of the case, and the general policy that judgments be final. 7

---

[6] Rule 60(b), HFCR, is similar to Rule 60(b), Hawaii Rules of Civil Procedure (HRCP) and Rule 60(b), Federal Rules of Civil Procedure (FRCP), except for some minor variations which do not affect the provisions concerned here. Therefore, the treatises and cases interpreting HRCP, Rule 60(b) and FRCP, Rule 60(b) provide persuasive reasoning for the interpretation of HFCR, Rule 60(b).

Moore's Federal Practice ¶ 60.27[3] (2d ed. 1982); 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2866 (1973).

Since Rule 60(b)(6) relief is contrary to the general rule favoring finality of actions, the court must carefully weigh all of the conflicting considerations inherent in such applications. *Kealoha v. Tanaka, supra; Isemoto Contracting Co. v. Andrade, supra.* Once the court has made a determination to grant or deny relief, the exercise of its discretion will not be set aside unless the appellate court is persuaded that, under the circumstances of the case, the court abused its discretion. *Paxton v. State,* 2 Haw. App. 46, 625 P.2d 1052 (1981).

In the instant case, Wife waited six years before filing her Rule 60(b)(6) motion. Such a delay may or may not be unreasonable depending upon whether any exceptional circumstances are present which would mitigate the lengthy delay in bringing the motion.

Wife argues that before and after execution of the PSA and entry of the decree, Husband exerted extreme influence over her so that she was acting under coercion and emotional duress when she signed the PSA. She asserts that Husband's continued duress after the decree literally coerced her into not seeking relief. She contends that her dominated situation created the extraordinary circumstances justifying relief.

However, the record indicates that in the period leading up to the PSA and the decree, Wife was represented by very able counsel. Even after the decree she maintained contact with her attorney and consulted other lawyers regarding this matter. For that reason, her contention that she was coerced into signing the PSA is incredible. Her decision to execute the PSA can only be considered one of free choice from which Rule 60(b)(6) will not grant relief. *Nakata v. Nakata,* 3 Haw. App. 51, 641 P.2d 333 (1982). Furthermore, having maintained contact with her lawyer after the decree and having sought the advice of other lawyers during that time, Wife had legal counsel available to protect her from any coercive actions.

The record does not support Wife's claim of extraordinary circumstances to mitigate the six-year delay in filing her motion and we find no abuse of discretion in the trial court's dismissal of her 60(b)(6) claim on the ground of untimeliness.

## B.

In her motion, Wife stated that she was seeking relief in the alternative under the independent action provision of Rule 60(b). The rule allows one adversely affected by a decree to initiate an action in equity for relief. Resort to the independent equitable action may be had only rarely and then only under unusual and exceptional circumstances. 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2868 (1973). In order to succeed, the movant must show a recognized ground for equitable relief, such as fraud, accident, or mistake, and the absence of any other adequate remedy. *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir. 1970).

The purpose of the independent action is not to relitigate issues that were finally determined in a previous action between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the original action. Equity will not grant relief where the movant had an adequate remedy at law or could have opened, vacated, modified the decree or judgment, or obtained relief in the original action by exercising proper diligence, *Winfield Associates, Inc. v. Stonecipher, supra,* or where the situation from which relief is sought has been caused by movant's own fault, neglect, inadvertence or carelessness. *Id.;* 11 Wright & Miller, *supra.*

Additionally, as in all equitable actions, the doctrine of laches is applicable and undue delay may again bar relief.

In *Ishida v. Naumu,* 34 Haw. 363 (1937), our supreme court stated:

> A court of equity . . . has always refused its aid to stale demands where the party has slept upon his rights or acquiesced for a great length of time.

*Id.* at 372, citing *Norfolk and New Brunswick Hosiery Co. v. Arnold,* 49 N.J. Eq. 390, 397, and:

> [A] court of equity . . . will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred.

*Id.* at 373, citing *Hammond v. Hopkins,* 143 U.S. 224, 250.

The principle of laches requires not only the passage of time

but either prejudice to the defendant, *Adair v. Hustace,* 64 Haw. 314, 640 P.2d 294 (1982), or an acquiescence — express or implied — in the alleged wrong, *Dalton v. City and County of Honolulu,* 51 Haw. 400, 462 P.2d 199 (1969). *See also Miller v. Eisenhower Medical Center,* 27 Cal. 3d 614, 614 P.2d 258, 166 Cal. Rptr. 826 (1980). Acquiescence must be based upon a showing of express or implied knowledge of facts giving rise to the alleged wrong on the part of the party to be estopped. *Anderson v. Anderson,* 59 Haw. 575, 585 P.2d 938 (1978); *Dalton v. City and County of Honolulu, supra.*

In the instant case, we think there is clear and express acquiescence by Wife in Husband's alleged wrongdoing. As the target of Husband's actions, Wife knew all the time that she had cause for seeking relief from the PSA and decree. She slept on her rights notwithstanding the fact that she had able counsel available to her.

Moreover, while Wife attempts to excuse the delay by allegations of further duress by Husband, it appears that the delay was in fact purposeful — Wife waited until she had obtained everything to which she was entitled before seeking to set aside the PSA and decree.

Finally, we note that as with other 60(b) subsections, a decision regarding a 60(b) independent action may only be reversed upon a clear showing of an abuse of discretion. *Daily Mirror, Inc. v. New York News, Inc.,* 533 F.2d 53 (2nd Cir.), *cert. denied,* 429 U.S. 862, 97 S. Ct. 166, 50 L.Ed.2d 140 (1976). 11 Wright & Miller, *supra.* We find no abuse of discretion.

It must be noted that in dismissing the independent action for untimeliness, the court did not specifically hold that Wife's claim was barred by laches. We think that the court's finding was in fact equivalent to a determination that laches was a bar. However, even if the untimeliness finding was not coterminous with a finding of laches, the record indicates that the court reached the correct conclusion and we will not disturb that conclusion merely because the court's reasons were erroneous. *See Federal Electric Corp. v. Fasi,* 56 Haw. 57, 527 P.2d 1284 (1974).

## II.

Wife also argues that a consideration of all the circumstances in this case indicates that the courts erred in dismissing her 60(b) claims. This contention is merely repetitious of the argument addressed and found to be without merit. We decline to discuss it further.

## III.

Wife argues that since Husband's motion to dismiss was brought pursuant to Rule 41(b), HFCR,[7] the court erred in dismissing her claims without taking any evidence. Husband's motion was addressed to Wife's 60(b) motion. The trial court may deny relief under Rule 60(b) without holding a hearing and may decide the issue on the basis of papers submitted. *See Ahlo v. Ahlo,* 1 Haw. App. 324, 619 P.2d 112 (1980). Wife's argument is meritless.

Affirmed.

*Roy J. Bell, III,* (*Jan M. Weinberg* with him on the briefs) for plaintiff-appellant.

*Bert T. Kobayashi, Jr.,* (*Dean T. Nagamine* with him on the brief; *Kobayashi, Watanabe, Sugita & Kawashima* of counsel) for defendant-appellee.

---

[7] Rule 41(b), HFCR (1982, as amended), provides:

Involuntary Dismissal: Effect Thereof. For failure of the initiating party to prosecute or to comply with these rules or any order of court, an adverse party may move for dismissal of an action or of any claim against him. After the initiating party has completed the presentation of his evidence, the adverse party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the claimant has shown no right to relief. The court may then determine the facts and render judgment against the initiating party or may decline to render any decree until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.