ANDRZEJ SLIWOWSKI, Plaintiff-Appellant,
v.
DONNA SLIWOWSKI, Defendant-Appellee.
No. 28036
Intermediate Court of Appeals of Hawaii.
May 20, 2009.
On the briefs:
Mark S. Kawata, for Plaintiff-Appellant.
Paul A. Tomar, Lynne, Jenkins McGivern, and Jill M. Hasegawa (Ashford & Wriston), for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
(By: Watanabe, Acting C. J., Foley, and Fujise, JJ.)
Plaintiff-Appellant Andrzej Sliwowski (Husband) appeals from the "Order Re: Further Trial Time" entered by the Family Court of the First Circuit[1] (family court) on June 19, 2006, which denied his December 30, 2005 Hawai'i Family Court Rules (HFCR) Rule 60(b) (2006) motion[2] (post-decree motion) seeking relief from the "Decree Granting Absolute Divorce and Awarding Child Custody" (divorce decree) entered on December 16, 2005. The divorce decree was entered following a trial that occurred on October 3 and 4, 2005, at which Husband was represented by counsel but was not personally present because Husband had allegedly been involuntarily committed to Kahi Mohala.
The divorce decree (1) dissolved the marriage between Husband and Defendant-Appellee Donna Sliwowski (Wife), (2) awarded sole legal and physical custody of Husband and Wife's child (Child) to Wife, (3) allowed Husband supervised visitation of Child, (4) required Husband to pay $700 in monthly child support for Child, (5) awarded no spousal support, and (6) divided and distributed the property and debts held by Husband and Wife, solely and jointly.
On June 19, 2006, the family court[3] held a post-decree hearing (June 19, 2006 hearing) to allow Husband to present the testimony he would have given had he been present during the divorce trial. Following the June 19, 2006 hearing, the family court declined to revise its previously entered divorce decree, and Husband appealed.
Husband alleges that the family court erred in failing to (1) address the question of conflict of interest on the part of Custody Evaluator; (2) allow Husband to call Custody Evaluator to testify at the June 19, 2006 hearing so Husband could present proof of Custody Evaluator's conflict of interest and bias; and (3) permit Husband to present evidence regarding propertydivision issues, including his entitlement to alimony.
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised by the parties, we disagree with Husband and resolve his points on appeal as follows.

1.
The record on appeal indicates that Husband did not raise questions about Custody Evaluator's possible conflict of interest until long after the family court had entered the divorce decree. There is no indication in the record that the family court did not consider Husband's written and oral arguments that Custody Evaluator was biased and had a conflict of interest. In its June 19, 2006 order denying Husband's motion for post-decree relief, the family court merely stated: "All prior court orders and the [d]ivorce [d]ecree regarding [Child] and all other issues remain in full force & effect. The court heard no relevant testimony today to justify changing any prior orders or the [d]ecree."
Moreover, Husband is incorrect that the record is replete with evidence that Custody Evaluator was biased in favor of Wife and had a conflict of interest due to a prior relationship with Wife. At the divorce trial, Custody Evaluator testified that she spent approximately the same amount of time, nine hours each, with Husband and Wife. Custody Evaluator explained that her evaluation and recommendation regarding Child's custody were based on interviews with Husband, Wife, and individuals associated with Husband and Wife, as well as observing Child. Custody Evaluator mentioned that she also had conversations with Husband's mother and brother. Custody Evaluator further stated that her interactions with Child and Child's therapist caused her concern regarding Husband's relationship and conduct with Child. Based on our review of the record, we conclude that there is no merit to Husband's claim that the Custody Evaluator had a conflict of interest or bias.

2 .
The family court did not err in failing to permit Custody Evaluator to testify at the June 19, 2006 hearing. Custody Evaluator had already testified at the trial when Husband was represented by counsel. Pursuant to HFCR Rule 60(b), the family court had discretion to set the conditions of Husband's June 19, 2006 hearing. See Hayashi v. Hayashi, 4 Haw. App. 286, 294, 666 P.2d 171, 177 (1983) (holding, inter alia, that "[t]he trial court may deny relief under Rule 6 0(b) without holding a hearing and may decide the issue on the basis of papers submitted"). Thus, it was not an abuse of discretion for the family court to preclude Custody Evaluator from testifying again at the June 19, 2 006 hearing.

3 .
The family court did not abuse its discretion by failing to consider other property-division issues during the June 19, 2006 hearing.
Husband stated that he "sought to present evidence on issues that were ruled upon at trial, including, [sic] alimony, allocation of debts, division of property and whether Husband qualified to recover compensation for having contributed to Wife's obtaining her medical degree by being Wife's sole support while she obtained her medical education." Husband's brief does not, however, elaborate on what new evidence or arguments he would have provided concerning property.
The record shows that most of the trial held on October 4, 2 005 was dedicated to discussing property issues. Property issues were also considered as a part of the temporaryre straining order hearing that was held on March 2, 2005 in conjunction with the underlying case. As such, the family court had ample opportunity to evaluate and determine property issues, and it did not abuse its discretion when it prohibited Husband from raising property issues at his June 19, 2006 hearing.
In light of the foregoing discussion, we affirm the post-decree order entered by the family court on June 19, 2006.
NOTES
[1] The Honorable Karen M. Radius (Judge Radius) presided.
[2] The post-decree motion filed by Husband on December 30, 2005 was entitled "Hearing Motion to be Set for Reconsideration Based on HFCR 59 (A&B); Relief from Judgement [sic] and Order(s) (HFCR 60B); Stay of Proceedings to Enforce Judgement [sic] (HFCR 62 A&B) from the Trial October 3rd-4th, 2005." (Formatting revised.) Pursuant to an order entered on March 10, 2006, the family court, Judge Radius presiding, denied as untimely, that part of Husband's post-decree motion that requested relief under HFCR Rule 59. Pursuant to an order entered on May 2, 2 0 06, the family court granted Husband's post-decree motion in part, scheduled a hearing for May 9, 2 006, and provided that at the hearing, "the court will hear testimony from [Husband] and only [Husband] on his behalf regarding what he would have said at trial. [Husband] shall not be allowed to call any witnesses, since his witness list before trial was late filed and because the court previously ruled that the only witnesses at trial would be the parties and [the custody evaluator/ guardian ad litem (Custody Evaluator)]."
[3] Judge Radius presided.