**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000743
25-AUG-2022
08:22 AM
Dkt. 71 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

LUKELA S. MEYERS, Plaintiff-Appellant, v.
CHRISTINA K. MEYERS, Defendant-Appellee

NO. CAAP-18-0000743

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(FC-D NO. 15-1-0251)

AUGUST 25, 2022

GINOZA, C.J., AND LEONARD AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This appeal arises out of post-judgment proceedings in a divorce case between self-represented Plaintiff-Appellant Lukela S. Meyers (**Lukela**) and Defendant-Appellee Christina K. Meyers (**Christina**). Following settlement conferences in April 2017, Lukela and Christina signed, and the Family Court of the Second Circuit (**Family Court**) entered, a July 21, 2017 Stipulated Decree Granting Divorce (**Stipulated Divorce Decree**).[1] Almost a year later, on July 20, 2018, Lukela filed a "Motion for Relief from Judgment/Settlement Pursuant to [Hawaiʻi Family Court Rules

---

[1] The Honorable Lloyd A. Poelman presided over the April 10 and 12, 2017 settlement conferences, as well as the July 21, 2017 hearing on, and entry of, the Stipulated Divorce Decree.

(**HFCR**)] Rule 60(b)" (**Rule 60(b) Motion**).  Lukela argued that events on the morning of July 21, 2017, including statements by the Family Court on the issue of Lukela's inheritance, constituted "surprise" warranting relief under HFCR Rule 60(b)(1), and undue influence and coercion warranting relief under HFCR Rule 60(b)(6).[2]

Lukela appeals from the September 4, 2018 "Findings of Facts, Conclusions of Laws, and Order Denying [Lukela's] [HFCR] Rule 60(b) Motion for Relief from Judgment Filed July 20, 2018" (**FOFs/COLs/Order**), entered by the Family Court.[3]  Lukela contends that the Family Court erred:  (1) "when it found arguments from [Lukela's] briefs untimely"; and (2) "when it found that [Lukela] has not met the burden of establishing that . . . surprise . . . had occurred, justifying the setting aside of the Stipulated Divorce Decree."  Lukela also challenges several FOFs and COLs for failing to include certain statements or for other asserted errors.[4]

---

[2]  HFCR Rule 60(b) states, in relevant part:

> **b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> (6)  any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken. For reasons (1) and (3) the averments in the motion shall be made in compliance with Rule 9(b) of these rules. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

[3]  The Honorable Adrianne N. Heely presided.

[4]  Lukela's opening brief presents ten points of error regarding the Family Court's FOFs and COLs; however, Lukela's argument section does not contain "the contentions of the appellant on the[se] points . . . and the reasons therefor, with citations to the authorities, statutes and parts of the
(continued...)

2

We hold that the Family Court erred in finding that the Rule 60(b) Motion was untimely on the issue of Lukela's inheritance due to the motion not being filed within one year of the April 2017 settlement conferences.  However, the error was harmless as to Lukela's arguments based on HFCR Rule 60(b)(1).  The Family Court ruled on the merits of the Rule 60(b)(1) arguments and did not abuse its discretion in concluding that Lukela had not established "surprise" justifying the setting aside of the Stipulated Divorce Decree.  The Family Court did not, however, separately analyze Lukela's undue influence and coercion arguments based on HFCR Rule 60(b)(6) or set forth the basis for rejecting those arguments.  It is therefore unclear whether the Family Court concluded that Lukela's Rule 60(b)(6) arguments were untimely, and the record on appeal is insufficient for us to determine whether the Family Court abused its discretion in denying the requested relief.  Accordingly, we affirm in part and vacate in part the FOFs/COLs/Order, and remand this case to the Family Court with instructions.

## I.  Background

On June 30, 2015, Lukela filed a Complaint for Divorce in the Family Court.

On April 10, 2017, the Family Court conducted a settlement conference with the parties and their respective attorneys, which continued on April 12, 2017.  The parties were unable to reach agreement, and trial was set for July 21, 2017.

Following a hearing on July 21, 2017, the parties and their respective attorneys signed, and the Family Court entered, the Stipulated Divorce Decree.[5]  The Stipulated Divorce Decree: (1) dissolved the marriage of Lukela and Christina; (2)

---

[4]  (...continued)
record relied on[,]" as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).  Under HRAP Rule 28(b)(7), "[p]oints not argued may be deemed waived."

Christina did not file an answering brief.

[5]  Lukela and Christina were each represented by counsel during the settlement conferences and the July 21, 2017 hearing.  Both parties agreed to waive any conflicts of interest that might result from the same judge presiding over both the settlement conferences and potential trial.

acknowledged that Lukela and Christina had no minor children at that time; (3) awarded no spousal support; and (4) divided and distributed Lukela and Christina's assets and debts.  The signature page of the Stipulated Divorce Decree included the following paragraph:

### ATTORNEY REPRESENTATION/VOLUNTARY EXECUTION

Husband has been represented in this matter by Elizabeth Melehan.  Wife has been represented by Cain & Herren, ALC.  Both Husband and Wife acknowledge that they have carefully read this Stipulated Decree of Divorce and all the other supporting financial and other documentation pertinent to this matter.  They both confirm that all said documents are current and accurate, and that they are completely aware of and in agreement with the contents of same.  This document is the complete and final expression of all agreements made by the parties to this divorce.  There are no other express or implied promises, or agreements, which are not set forth herein.  Each party acknowledges that he or she has knowingly, intelligently, voluntarily and unconditionally executed this Decree, with sufficient knowledge of the facts, the parties' respective finances and the applicable law.  Each party further acknowledges that this Decree is fair and reasonable, and as such they both agree to be bound by this Decree and by their representations as contained herein.

No party appealed from the Stipulated Divorce Decree.

On July 20, 2018, Lukela, self-represented, filed the Rule 60(b) Motion.  On August 13, 2018, Lukela filed a "Brief In Support of [Lukela's] Rule 60(b) Motion for Relief From Judgment" (**Brief in Support of Rule 60(b) Motion**).  Lukela's brief cited HFCR Rule 60(b)(1) and (6) as bases for relief from the Stipulated Divorce Decree.  He asserted that during the April 10 and 12, 2017 settlement conferences, "the parties were instructed that [Lukela] would receive full credit for his inheritance of $110,139.38 received during their marriage as a Category 3 Capital Contribution."  Lukela further asserted that on July 21, 2017, the morning of the scheduled trial:  (1) he was told by his attorney that Judge Poelman had changed his mind and Lukela would not receive full credit for his inheritance; and (2) Judge Poelman "confirm[ed] he had changed his mind and had already made his decision, [and] encouraged [Lukela] to settle the case, that trial was not necessary."  Lukela argued that these events constituted "surprise" warranting relief under HFCR Rule 60(b)(1), and undue influence and coercion warranting relief

under HFCR Rule 60(b)(6).

On August 20, 2018, the Family Court held a hearing on the Rule 60(b) Motion and took the matter under advisement.[6/]  On September 4, 2018, the Family Court entered the FOFs/COLs/Order denying the Rule 60(b) motion.  The Family Court concluded in paragraph 2 of its Order:

> Although [Lukela] filed his [Rule 60(b) Motion] on July 20, 2018, one day before the expiration of [the] one year deadline from the date the Stipulated Divorce Decree was entered on July 21, 2017, this court finds that [Lukela] has not met the burden of establishing that mistake[,] inadvertence, surprise, excusable neglect, or newly discovered evidence had occurred, justifying the setting aside of the Stipulated Divorce Decree.

The FOFs/COLs/Order did not separately analyze Lukela's undue influence and coercion arguments based on HFCR Rule 60(b)(6) or articulate the basis for rejecting those arguments.

## II. Standards of Review

### A.    HFCR Rule 60(b)

We review the grant or denial of an HFCR Rule 60(b) motion for abuse of discretion.  De Mello v. De Mello, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

> Under the abuse of discretion standard of review, the appellate court is not authorized to disturb the family court's decision unless (1) the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant; (2) the family court failed to exercise its equitable discretion; or (3) the family court's decision clearly exceeds the bounds of reason.

Wong v. Wong, 87 Hawaiʻi 475, 486, 960 P.2d 145, 156 (App. 1998) (brackets omitted) (quoting Bennett v. Bennett, 8 Haw. App. 415, 426, 807 P.2d 597, 603 (1991)).

The Hawaiʻi Supreme Court has recently reiterated:

> The trial court has a very large measure of discretion in passing upon motions under [HFCR] Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264,

---

[6/]    Lukela and Christina, both self-represented, attended, with Christina attending via telephone.

268 (2020) (brackets omitted) (quoting Hawai'i Hous. Auth. v. Uyehara, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994)) (construing substantially similar Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)). "The burden of establishing abuse of discretion in denying an [HFCR] Rule 60(b) motion is on the appellant, and a strong showing is required to establish it." Id. (original brackets omitted) (quoting Ditto v. McCurdy, 103 Hawai'i 153, 162, 80 P.3d 974, 983 (2003)).

"The timeliness of a motion brought pursuant to HFCR Rule 60(b) implicates the jurisdiction of the family court." Child Support Enf't Agency v. Doe, 98 Hawai'i 499, 503, 51 P.3d 366, 370 (2002). "The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 194, 268 P.3d 443, 447 (App. 2011) (brackets omitted) (quoting Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006)).

## B.    Findings of Fact and Conclusions of Law

The family court's findings of fact are reviewed under the clearly erroneous standard and will not be overruled unless:

> (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake had been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

LC v. MG, 143 Hawai'i 302, 310, 430 P.3d 400, 408 (2018) (quoting Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)).

The family court's conclusions of law are ordinarily reviewed de novo under the right/wrong standard. Fisher, 111 Hawai'i at 46, 137 P.3d at 360. "[A conclusion of law] that is supported by the trial court's [findings of fact] and that reflects an application of the correct rule of law will not be overturned." Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007) (original brackets omitted) (quoting AIG Hawaii Ins. Co., v. Estate of Caraang, 74 Haw. 620, 628-29, 851 P.2d 321, 326 (1993)). "However, a [conclusion of

6

law] that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Id. (quoting Estate of Caraang, 74 Haw. at 629, 851 P.2d at 326).

## III.  Discussion

### A.  Timeliness of Rule 60(b) Motion

A motion seeking relief from judgment under HFCR Rule 60(b) must be filed "within a reasonable time" and, when based on Rule 60(b)(1), (2) or (3), "not more than one year after the judgment . . . was entered . . . ." HFCR Rule 60(b). "What constitutes a 'reasonable time' is determined in the light of all attendant circumstances, intervening rights, loss of evidence, prejudice to the adverse party, the commanding equities of the case, and the general policy that judgments be final." Hayashi v. Hayashi, 4 Haw. App. 286, 290-91, 666 P.2d 171, 175 (1983) (quoting 7 Moore's Federal Practice ¶ 60.27[3] (2d ed. 1982); 11 Wright & Miller, Federal Practice & Procedure: Civil § 2866 (1973)).

Lukela contends that the Family Court erred in finding that certain arguments he made were untimely. Specifically, Lukela challenges footnote 9 in the FOFs/COLs/Order, which states:

> [Lukela's] briefs makes [sic] arguments that during the April 10th and 12th, 2017 Settlement Conferences with the judge there were things discussed and inclinations given, that [Lukela] argues was [sic] wrong, and arguably violated his Due Process.  This court finds that these arguments are untimely, pursuant to H.F.C.R. Rule 60(b), requiring said Motion for Relief to be filed within a reasonable time, but not more than one year after the "judgment, order, _or proceedings_ was entered or taken", finding that the April 10 and 12, 2017 settlement conference proceedings happened more than one year ago.

(Internal cross-reference omitted.)

This footnote is ambiguous as to which arguments the Family Court found untimely, but it appears that the court may have misapprehended, at least in part, the arguments made in Lukela's Brief in Support of Rule 60(b) Motion.  Although Lukela claimed the parties were told during the April 10 and 12, 2017

7

settlement conferences that he would receive full credit for his inheritance, Lukela argued that he was surprised and coerced on the morning of July 21, 2017, when he allegedly learned that Judge Poelman had changed his mind and the judge encouraged him to settle the case, resulting in entry of the Stipulated Divorce Decree. The July 20, 2018 Rule 60(b) Motion was filed within a year of the July 21, 2017 hearing and "not more than one year after the [Stipulated Divorce Decree] . . . was entered . . . ." HFCR Rule 60(b). Accordingly, footnote 9, which presents mixed determinations of fact and law, is clearly erroneous to the extent it found the Rule 60(b) Motion untimely on the issue of Lukela's inheritance due to the motion not being filed within one year of the April 2017 settlement conferences.

Nevertheless, in paragraph 2 of the Order (quoted <u>supra</u>), the Family Court recognized that Lukela filed the Rule 60(b) Motion "one day before the expiration of [the] one year deadline . . . ." The court also ruled on the merits of the motion, at least as to Lukela's Rule 60(b)(1) arguments, in concluding that he "ha[d] not met the burden of establishing that . . . surprise . . . had occurred, justifying the setting aside of the Stipulated Divorce Decree." We thus conclude that the error as to timeliness in footnote 9 was harmless as to Lukela's arguments based on HFCR Rule 60(b)(1).

Given the ambiguity of footnote 9, however, and the fact that the Family Court did not articulate the basis for rejecting Lukela's Rule 60(b)(6) arguments, we cannot say that the court's error regarding timeliness was harmless as to the determination of the Rule 60(b)(6) issues. We further address below the insufficiencies of the COLs and Order as to those issues, and vacate the concluding order denying the Rule 60(b) Motion, to the extent the motion sought relief under Rule 60(b)(6).

**B. Denial of Rule 60(b) Motion**

Lukela contends that the Family Court erred in concluding that he did not meet his burden for establishing "surprise" justifying relief from the Stipulated Divorce Decree,

pursuant to HFCR Rule 60(b)(1). Lukela points to Judge Poelman's "sudden disclosure of his changed decision about the inheritance. . . ." Lukela argues that "the sudden urging for new settlement and the sudden appearance of the Judge to confirm it had the effect of a surprise attack."

Neither HFCR Rule 60(b)(1) nor its counterpart, HRCP Rule 60(b)(1), defines "surprise" for the purpose of granting relief from a final judgment. It appears that Hawaiʻi case law is similarly silent on what constitutes "surprise" under either rule. Cf. Chen v. Hoeflinger, 127 Hawaiʻi 346, 357, 279 P.3d 11, 22 (App. 2012) (stating that, for the purpose of enforcing a pre- or post-nuptial marital agreement, "[u]nfair surprise means 'that one party did not have full and adequate knowledge of the other party's financial condition when the [marital] agreement was executed.'" (quoting Prell v. Silverstein, 114 Hawaiʻi 286, 298, 162 P.3d 2, 14 (App. 2007))).

Blacks Law Dictionary defines surprise as:

> An occurrence for which there is no adequate warning or that affects someone in an unexpected way. In a trial, the procedural rules are designed to limit surprise — or trial by ambush — as much as possible. For example, the parties in a civil case are permitted to conduct discovery, to determine the essential facts of the case and the identities of possible witnesses, and to inspect relevant documents. At trial, if a party calls a witness who has not been previously identified, the witness's testimony may be excluded if it would unfairly surprise and prejudice the other party. And if a party has diligently prepared the case and is nevertheless taken by surprise on a material point at trial, that fact can sometimes be grounds for a new trial or for relief from the judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure [(**FRCP**)].

Black's Law Dictionary 1745 (11th ed. 2019) (emphasis added); see also Kingdom Fresh Produce, Inc. v. Delta Produce, LP, 528 B.R. 289, 295–96 (W.D. Tex. 2015) ("Although there is no clear definition of surprise in the federal rules, the Fifth Circuit has 'limited reversible error from unfair surprise' in the appellate context 'to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify.'") (quoting Genmoora Corp. v. Moore Business Forms, Inc., 939 F.2d 1149, 1156 (5th Cir. 1991))); White v. New Hampshire Dep't of Employment Sec., 679 F.2d 283, 286 (1st Cir. 1982) (concluding that the trial court did not

abuse its discretion in denying an FRCP Rule 60(b)(1) motion to vacate a consent decree on the ground that the plaintiff's motion for attorneys' fees constituted "surprise"; the trial court's conclusion that the plaintiff did not waive his right to seek fees rebutted the movant's claim of unfair surprise and "the court could reasonably have concluded that such surprise as there might have been did not rise to a level which would justify vacating the decree itself").

Here, the record reflects that the inheritance credit for Lukela's category three capital contribution was a primary source of contention from the outset of the case. In addition, prior to settlement discussions on April 10 and 12, 2017, Judge Poelman informed Lukela and Christina, who were both represented by counsel, that "all discussions during settlement discussions are protected and privileged from being considered at the time of trial," and explained the distinction between statements made during settlement discussions and evidence presented at trial. Judge Poelman also informed Lukela and Christina that he would likely be the trial judge if settlement discussions were unsuccessful. After taking a recess to further discuss the matter with his attorney,[7] Lukela waived any conflicts of interest that might arise by having the same judge preside over settlement discussions and trial. Thus, even if Judge Poelman later "changed [his] decision about the inheritance," the record shows that Lukela was made aware that statements made during settlement discussions would not be considered at the time of trial. Contrary to Lukela's contention, the circumstances here did not constitute "[a]n occurrence for which there [was] no adequate warning," and the Family Court could reasonably have concluded that any change in Lukela's expectations did not rise to a level that would justify vacating the Stipulated Divorce Decree. Black's Law Dictionary at 1745; see White, 679 F.2d at 286. Accordingly, Lukela has not made the strong showing required to establish that the Family Court abused its discretion in denying the Rule 60(b) Motion to the extent it sought relief

_____

[7] Lukela has not asserted that his trial counsel engaged in conduct justifying relief under HRCP Rule 60(b).

10

under HFCR Rule 60(b)(1).  See PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268.

Lukela also contends that the Family Court erred in denying the Rule 60(b) Motion as to Lukela's arguments based on HFCR Rule 60(b)(6).  He argues that he sought relief under HFCR Rule 60(b)(6) based on alleged undue influence and coercion by Judge Poelman.  He further argues that Judge Poelman, by disclosing he had made a decision regarding the inheritance credit and by confirming "he had decided the entire case," "chill[ed]" Lukela's desire to go to trial.  Lukela points out that his Rule 60(b)(6) arguments "did not get ruled upon in the [FOFs/COLs/Order][.]"

"A party seeking relief under [HFCR] Rule 60(b)(6) after the time for appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered them unable to prosecute an appeal."  PennyMac Corp., 148 Hawaiʻi at 331, 474 P.3d at 272 (quoting Uyehara, 77 Hawaiʻi at 148–49, 883 P.2d at 69–70).  "This is because [HFCR] Rule 60(b)(6) 'is not for the purpose of relieving a party from free, calculated and deliberate choices they have made."  Id. (original brackets omitted) (quoting Uyehara, 77 Hawaiʻi at 149, 883 P.2d at 70).

Here, the FOFs/COLs/Order did not separately analyze Lukela's undue influence and coercion arguments based on HFCR Rule 60(b)(6) or set forth the basis for rejecting those arguments.  Moreover, given the ambiguity of footnote 9, we cannot determine whether the Family Court concluded that Lukela's Rule 60(b)(6) arguments were untimely.  See supra.  We thus vacate the FOFs/COLs/Order as to the denial of the Rule 60(b) Motion, to the extent the motion sought relief under Rule 60(b)(6).  See Herrmann v. Herrmann, 138 Hawaiʻi 144, 155, 378 P.3d 860, 871 (2016) (remanding in part because "the family court did not specify the legal theory upon which its conclusions were based"); see also Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 459, 32 P.3d 52, 103 (2001) (vacating and remanding an order as to costs claimed where the trial court "denied the requested costs without any explanation" and "its reasons for doing so [were] not readily discernible").  On remand, the Family

Court is instructed to consider and expressly determine: (1) whether the Rule 60(b) Motion was filed "within a reasonable time" for purposes of Lukela's arguments based on Rule 60(b)(6); and (2) if so, whether Lukela met his burden of establishing the requisites for relief under Rule 60(b)(6).

## C.  FOFs and COLs

Lukela contends that the Family Court erred by not including certain statements in the FOFs – primarily statements allegedly made by Judge Poelman during settlement discussions and on the morning of the scheduled trial.

This court has explained:  "The trial judge is required to 'only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.'" Doe v. Roe, 5 Haw. App. 558, 565, 705 P.2d 535, 542 (1985) (quoting Tugaeff v. Tugaeff, 42 Haw. 455, 467 (1958)).  "All that is required are brief, definite and pertinent findings, not elaborate findings nor negative findings of fact." Id. (citing 9 Wright & Miller, Federal Practice & Procedure: Civil § 2579 (1971)).  Relatedly, this court has found the trial court's findings of fact sufficient as long as they allowed the parties and this court to ascertain the basis for the decision under review.  See Sussman v. Sussman, No. 30407, 2013 WL 6472277, at *6 (Haw. App. Dec. 10, 2013) (SDO) ("Although not extensive, the Family Court's FOFs were sufficient to enable the parties and this Court to ascertain the basis of its decision because the court laid out its findings and conclusions in a logical manner that was supported by the record.").

Here, the FOFs, considered with the record, are sufficient to enable the parties and this court to understand the basis for the Family Court's decision to deny the Rule 60(b) Motion, at least as to Lukela's Rule 60(b)(1) arguments.  Lukela makes no discernible argument as to how any of the purported omissions affected that decision.  More detailed findings regarding the statements allegedly made by Judge Poelman, which are included in the record, were unnecessary in these

12

circumstances.[8/]  Accordingly, the Family Court did not clearly err in omitting these alleged statements from the FOFs.[9/]

Lukela also contends that COLs 2 through 5 were erroneous, primarily because they quoted or paraphrased legal standards that did not apply to the Rule 60(b) Motion.

COL 2 states the purpose of an "independent action" under HFCR Rule 60(b), as set forth in Hayashi, 4 Haw. App. at 292, 666 P.2d at 175-76.  It is apparent, however, based on the FOFs/COLs/Order as a whole, including paragraph 2 of the Order, that the Family Court analyzed the Rule 60(b) Motion not as an independent action, but as a motion in the underlying case, and denied it as such.  Lukela makes no discernible argument as to how any alleged error in COL 2 affected the Family Court's adjudication of the motion.  See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 124-25, 839 P.2d 10, 30-31 (1992) ("Therefore, although we hold that the trial court erred in applying the assumption of risk defense to the present case, the error was harmless because it was irrelevant to the adjudication of Amfac's liability to WBIC arising out of Amfac's breach of the Indemnification Agreement.").  We thus conclude that any error in COL 2, based on the statement of the "independent action" standard, was harmless.

It appears that in COLs 3 through 5, the Family Court quoted HRS § 580-56(d) and cases construing its interplay with HFCR Rule 60(b) in determining the court's jurisdiction to consider the Rule 60(b) Motion.  However, HRS § 580-56(d) did not

---

[8/]     Lukela's Brief in Support of Rule 60(b) Motion set forth the alleged statements of Judge Poelman under the heading "Arguments."  The brief contains an undifferentiated mass of factual assertions and legal argument, and ends with the statement, "I . . . declare under penalty of law that the foregoing is true and correct."  It was the province of the Family Court to determine the credibility of Lukela's factual assertions in this context.  See In re AA, 150 Hawaiʻi 270, 286, 500 P.3d 455, 471 (2021).  It appears the court made no express credibility determination.

[9/]     For similar reasons, we conclude that the Family Court did not clearly err in not stating in FOF 12 that the parties "showed up to court the morning of July 21, 2017 for a trial[,]" and in not stating that Lukela's April 10, 2018 Request for Divorce Decree To Be Set Aside and for New Judge (**Request**) was denied "because [Lukela] didn't cite Rules or Laws and to reframe it better under Rule 60."  We further conclude that the Family Court's error in FOF 20, stating that the Request was heard on July 10, 2018, when it was actually heard on July 16, 2018, was harmless.  See HFCR Rule 61.

13

limit the Family Court's jurisdiction to consider the Rule 60(b) Motion in these circumstances. See Riethbrock v. Lange, 128 Hawaiʻi 1, 14-15, 282 P.3d 543, 556-57 (2012) (ruling that HRS § 580-56(d) applies solely in the context of a spouse's right to dower or curtesy after a divorce); Carstensen v. Carstensen, No. 28920, 2012 WL 4006349, at *6 (Haw. App. Sept. 12, 2012) (Mem.) (concluding that the family court erred in determining that husband's HFCR Rule 60(b) motion was untimely based in part on Greene v. Greene, 8 Haw. App. 559, 815 P.2d 28 (1991)). It is therefore unclear why the Family Court quoted HRS § 580-56(d) and cited pre-Riethbrock case law in COLs 3 through 5. Applying such standards to the Rule 60(b) Motion was error.

Nevertheless, in paragraph 1 of the Order, the Family Court concluded that it "ha[d] continuing jurisdiction pursuant to the Stipulated Divorce Decree, and H.R.S. § 580-56[,]" and in paragraph 2 of the Order, the court ruled on the merits of Lukela's Rule 60(b)(1) arguments. Further, Lukela makes no discernible argument as to how any alleged errors in COLs 3 through 5 affected the Family Court's adjudication of his 60(b)(1) arguments. See Amfac, 74 Haw. at 124-25, 839 P.2d at 30-31. We thus conclude that the asserted errors in COLs 3 through 5 were harmless as to Lukela's Rule 60(b)(1) arguments.

However, given that the Family Court did not address Lukela's Rule 60(b)(6) arguments, the record on appeal is insufficient for us to determine whether the Family Court abused its discretion in denying such relief. Relatedly, we cannot say that the court's errors in stating inapplicable legal standards in COLs 3 through 5 were harmless as to the Rule 60(b)(6) arguments. Accordingly, we vacate COLs 3 through 5.

## IV. Conclusion

For the reasons discussed above, we vacate in part the September 4, 2018 "Findings of Facts, Conclusions of Laws, and Order Denying [Lukela's] Rule 60(b) Motion for Relief from Judgment Filed July 20, 2018," entered in the Family Court of the Second Circuit, as to COLs 3 through 5, and the concluding order denying the July 20, 2018 "Motion for Relief from Judgment/

Settlement Pursuant to [HFCR] Rule 60(b)," to the extent the motion sought relief under HFCR Rule 60(b)(6). We affirm in all other respects and remand this matter to the Family Court for further proceedings consistent with this Opinion. Lukela's motion for retention of oral argument is hereby denied.


On the briefs:

Lukela S. Meyers,
Self-represented
Plaintiff-Appellant

/s/ Lisa M. Ginoza
Chief Judge


/s/ Katherine G. Leonard
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge