**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000475
17-JUL-2024
11:08 AM
Dkt. 59 SO**

NO. CAAP-20-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARISA PAVAO, formerly known as
Marisa Keʻala Bartolini, Plaintiff-Appellee, v.
DOMINIC S. BARTOLINI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 5DV171000080)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

This appeal arises out of post-judgment proceedings in a divorce case between Plaintiff-Appellee Marisa Pavao, formerly known as Marisa Keʻala Bartolini (**Wife**), and Defendant-Appellant Dominic S. Bartolini (**Husband**). Husband appeals from the June 24, 2020 "Order Denying [Husband's] Motion to Set Aside Divorce Decree or[,] in the Alternative, for Post-Decree Relief Filed on November 12, 2019" (**Order**), entered in the Family Court of the Fifth Circuit (**Family Court**).[1]

On appeal, Husband contends that the Family Court erred in denying Husband's November 12, 2019 motion to set aside divorce decree or, in the alternative, for post-decree relief (**Motion**), and in declining to hold an evidentiary hearing on the matter. Relatedly, Husband challenges findings of fact (**FOFs**) 32 and 33, and conclusions of law (**COLs**) 1-4, in the Family Court's November 6, 2020 "Findings of Fact and Conclusions of Law" (**FOFs/COLs**).

_____

[1] The Honorable Joseph Kobayashi presided.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Husband's contentions as follows, and affirm.

Husband contends that the Family Court erred in denying the Motion, which sought to set aside the court's January 23, 2018 Decree Granting Absolute Divorce (**Divorce Decree** or **Decree**), pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b)(3) and (6)[2] or, in the alternative, to amend the Decree to equally divide the parties' assets and debts. Specifically, Husband argues that Wife's representations to the court in support of her October 24, 2017 Ex Parte Motion for Service by Publication constitute misconduct that requires setting aside the Divorce Decree under HFCR Rule 60(b)(3) and (b)(6).

At a January 28, 2020 hearing on the Motion, the Family Court set a briefing schedule and concluded that the Motion would be decided based upon the parties' written submissions. Both sides were represented by counsel and agreed there was no need for an evidentiary hearing.[3]

The Family Court subsequently denied the Motion and entered the FOFs/COLs. The court found in relevant part:

_____

[2]     HFCR Rule 60(b) states, in relevant part:

_Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud._ On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:

. . . .

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; [or]

. . . .

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken.

[3]     Husband's current contention that the Family Court erred in declining to hold an evidentiary hearing was therefore waived.

7.   At [a 2016] hearing [in a prior divorce case that was later dismissed], [Husband's then-]Counsel provided [Husband's] contact information as 13819 Victoria Drive, Victorville, CA 92395.

. . . .

11.   On June 2, 2017, [Wife] filed a new Complaint for Divorce in FC-D 17-000080 and represented herself.

12.   On June 26, 2017, [Wife] filed a Motion for Service by Mail and Affidavit, which was granted.

. . . .

14.   Also on July 10, 2017, [Wife] mailed the Complaint for Divorce, Summons to Answer Complaint, Motion for Service by Mail and Affidavit, Order for Service by Mail, Asset and Debt Statement and Income and Expense Statement by Certified Mail to the last known address provided by Husband's former Counsel:  13819 Victoria Drive, Victorville, CA 92395[.]

15.   These Documents were returned to [Wife] as undeliverable on August 14, 2017.

16.   [Wife] made multiple attempts to determine [Husband's] address to no avail.

17.   [Wife] then filed an Ex Parte Motion for Service by Publication, which was granted on October 24, 2017.

18.   [Wife] then had Notice to [Husband] published in the Garden Island Newspaper on November 7, 14, 21, and 28, 2017.

. . . .

29.   The [a]llegations made by [Husband] in the Declaration attached to [Husband's] Motion are not persuasive and/or credible as it relates to his contention that [Wife] did not exercise diligent and reasonable efforts to effect proper service upon him.

30.   [Wife] reasonably employed knowledge at her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to enable her to effect personal service on [Husband].

. . . .

32.   [Wife's] request for Publication, which was granted by this Court, further evidenced her diligent and reasonable efforts to provide proper notice to [Husband] in this case.

33.   [Wife] did not engage in fraud, misrepresentation, or misconduct in this case in her attempts to serve [Husband] and/or to seek publication in lieu of personal service.

The court concluded in relevant part:

3

1.  [Husband's] failure to file the Motion to Set Aside Divorce Decree or, in the Alternative, for Post Decree Relief, within one year of the Divorce Decree renders the Motion untimely under [HFCR] Rule 60(b).

2.  [Husband's] filing of the Motion to Set Aside Divorce Decree or, in the Alternative, for Post Decree Relief, 9 months after his Attorney requested transcripts (February 12, 2019) in the case, was not "within a reasonable time" under these circumstances and as required by [HFCR] Rule 60(b).

3.  Even if the Motion were filed within a reasonable time after the Decree, as is required by [HFCR] Rule 60(b), [Husband] failed to establish any other reason justifying relief under [HFCR] Rule 60(b)(6).

4.  [Husband's] request in the alternative, to amend the Divorce Decree "so that the Decree will equally distribute the assets and debts of the parties" does not sufficiently state the grounds upon which [Husband] relies to support this request, nor does it adequately set forth the relief or order sought, as is required by [HFCR] Rule 10(a).

At the outset, we note that Husband does not challenge FOFs 7, 12, 14-18, 29 and 30.[4/] They are therefore binding on appeal. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002). The Family Court set forth the specific efforts made by Wife to effect service on Husband in FOFs 14 through 18, and concluded that Wife made diligent and reasonable efforts under the circumstances to serve Husband. The court further determined that Husband's allegations regarding Wife's efforts to effect proper service upon him were not credible. We "will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001)).

Based on our review of the record, we conclude that FOFs 32 and 33 and COL 3, which present mixed determinations of fact and law, were supported by substantial evidence and are not clearly erroneous.[5/] Given our conclusion, we need not address

---

[4/]  FOF 30 is a mixed determination of fact and law.

[5/]  Husband argues that he was entitled to relief under HFCR Rule 60(b)(6) because "he did not know about the then pending divorce case because he had never been served." It is undisputed, however, that Husband was served by publication. To the extent Husband challenges Wife's efforts to effect proper service upon him, we have concluded that the Family Court's related

Husband's remaining contentions regarding the time limits for filing a motion seeking relief under HFCR Rule 60(b)(3) and (6). The Family Court did not abuse its discretion in denying the Motion to the extent it sought relief under these provisions. See Meyers v. Meyers, 151 Hawaiʻi 492, 496, 517 P.3d 775, 779 (App. 2022).

Husband next contends that the Family Court erred in denying his alternative request for post-decree relief under HFCR Rule 10(c). He argues that even if his Rule 60(b) motion was properly denied, he "should have been allowed to pursue an equitable division of the marital estate[.]"

The Family Court denied Husband's alternative request because it did not sufficiently state the grounds supporting the request and did not adequately set forth the relief or order sought, as required by HFCR Rule 10(a). Indeed, Husband's request relied on a single conclusory sentence that failed to supply the grounds for relief or even to identify the marital assets or debts at issue. COL 4 was not wrong, and the Family Court did not err in denying Husband's alternative request for post-decree relief.

For the reasons discussed above, the June 24, 2020 "Order Denying [Husband's] Motion to Set Aside Divorce Decree or[,] in the Alternative, for Post-Decree Relief Filed on November 12, 2019," entered in the Family Court of the Fifth Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, July 17, 2024.

On the briefs:

Mitchell S. Wong
(The Law Offices of Mitchell
S. Wong)
for Defendant-Appellant.

Jacob G. Delaplane,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

FOFs were not clearly erroneous.